G. W. HUDGINS v. THE STATE.

No. 16393.   Delivered March 7, 1934.
Reported in 69 S. W. (2d) 97.

The opinion states the case.

*Sam H. Townsend,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for rape; the punishment, ten years in the penitentiary.

Appellant was charged with rape on Edna Earl Alexander, who was under the age of consent, the proof showing that she was thirteen years of age at the time of the alleged offense. In the indictment it was averred that the offense was committed on or about the 27th day of May, 1932.

Prosecutrix testified to three acts of intercourse with appel-

lant, one occurring in the latter part of May or the first of June, another in August and still another in November, all in the year 1932. After the evidence was all in appellant, by written motion, called the court's attention to the fact that prosecutrix had testified to the three acts mentioned, and that each act was a separate offense, and requested the court to require the state to elect upon which act it would rely for a conviction. The court overruled the motion, giving as his reason that all three acts occurred within one year prior to the date upon which the indictment was returned.

The court fell into error in refusing to require an election by the state. This may have been caused by confusing the principle controlling elections with that regarding the reception of evidence showing more than one transaction if all occurred within the period of limitation. It is unnecessary to discuss or restate the rule of election. It has been written on many times. See Branch's Ann. Tex. P. C., sec. 444; Crosslin v. State, 90 Texas Crim. Rep., 467, 235 S. W., 905; Turner v. State, 20 S. W. (2d) 764; Stone v. State, 45 Texas Crim. Rep., 91, 73 S. W., 956; Cloninger v. State, 101 Texas Crim. Rep., 1, 274 S. W., 596; Johnson v. State, 110 Texas Crim. Rep., 292, 8 S. W. (2d) 121; Banks v. State, 93 Texas Crim. Rep., 117, 246 S. W., 377. It cannot be held that the error was harmless in view of the penalty assessed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*