William Lee O'NEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 865–86.

Court of Criminal Appeals of Texas, En Banc.

March 16, 1988.

Webb Biard, Paris, for appellant.

J. Frank Long, Dist. Atty., Sulphur Springs, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

This is an appeal from a conviction for sexual assault of a child. V.T.C.A., Penal Code § 22.011(a)(2). Punishment was assessed by the jury at fifteen years' imprisonment in the Texas Department of Corrections. The Eastland Court of Appeals, in an unpublished opinion, reversed the conviction. *O'Neal v. State*, No. 11–85–343–CR (Tex.App.—Eastland, July 28, 1986).

The State's petition for discretionary review was granted to determine whether the Court of Appeals erred in holding: (1) that the State was required to elect which act of intercourse it would rely upon for conviction at the close of the State's evidence, rather than at the close of all the evidence,[1] and; (2) that the State's later election prejudiced the appellant, thus requiring reversal.[2] We will reverse the judgment of the Court of Appeals.

The complainant, appellant's fifteen year old stepdaughter, testified that appellant had been having sexual intercourse with her on a regular basis since she was five years old. She then gave a detailed account of an act of intercourse that occurred on or about April 24, 1984. Appellant's daughter testified that she had witnessed numerous acts of intercourse between appellant and the complainant over the past three or four years, since she and the complainant slept in the same bed. Appellant's daughter then testified in detail about the act of intercourse that occurred on or about April 24, 1984. Appellant testified and de-

---

1. The indictment alleged only one act of sexual assault, which was "on or about 26th day of April, 1984." The evidence, as noted herein, revealed additional acts of intercourse over a considerable period of time.

2. The reason that review was granted pursuant to Tex.R.App.Proc. 202(d)(5) was because the Court of Appeals decided an important question of state law that has not been, but should be settled by this Court. See Tex.R.App.Proc. 200(c)(2).

nied any sexual activity with the complainant.

At a pretrial hearing, after the State rested, and finally at the close of all the evidence, the appellant moved to require the State to elect which act of intercourse it would rely upon for conviction.[3] Appellant's motion was granted at the close of all the evidence. At that time, the State elected to proceed on the most recent act of intercourse, which was on or about April 24, 1984.[4] The election was set out in the jury charge along with a limiting instruction concerning the jury's consideration of the extraneous acts of intercourse.

The Court of Appeals, citing *Crosslin v. State*, 90 Tex.Cr.R. 467, 235 S.W. 905 (App. 1921), held that the election was required to be made by the State at the close of the State's evidence, and, without further discussion, held that because the late election prejudiced the appellant, reversible error occurred.

In its Petition, the State concedes that it must make an election as mandated by *Crosslin,* supra. However, the State argues while the election was not made timely, there was no harm, and thus no reversible error occurred under the circumstances of the instant case.

Appellant responds that the trial court's failure to require the State to elect immediately after the State rested denied appellant notice of the nature and cause of the accusation against him. Appellant contends that such delay prejudiced his ability to defend himself and thus constituted reversible error.

## I.

### WHEN ELECTION IS REQUIRED

■ The general rule is that where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction. *Crawford v. State*, 696 S.W.2d 903 (Tex.Cr. App.1985); *Steele v. State*, 523 S.W.2d 685 (Tex.Cr.App.1975); *Bates v. State*, 165 Tex. Cr.R. 140, 305 S.W.2d 366 (App.1957); *Hudgins v. State*, 125 Tex.Cr.R. 451, 69 S.W.2d 97 (App.1921). An exception to the rule is where several acts of intercourse were committed by one continuous act of force and threats, and are part of the same criminal transaction. See *Steele,* supra; *Bethune v. State*, 363 S.W.2d 462 (Tex.Cr. App.1962); *Torres v. State*, 169 Tex.Cr.R. 113, 331 S.W.2d 929 (App.1959). As will be demonstrated, however, this exception is not applicable to the instant case.

In *Crosslin v. State*, 90 Tex.Cr.R. 467, 235 S.W. 905 (App.1921), the trial court did not require the State to make its election until the close of all the evidence. In explaining our reversal of the trial court, we noted that there is a distinction in the application of the rule to indictments containing a single count and those containing several,[5] and we set out the rule applicable to indictments containing a single count.

When, as in the present instance, the state has the privilege of proving several acts of sexual intercourse and avails itself of this right, the election should not be required until such stage in the development of the evidence as would give state's counsel an opportunity to intelligently determine upon which transaction he would rely for a conviction, and it should not be so long delayed that it would embarrass the accused by leaving him in doubt as against which offense he will be called upon to defend. Generally the matter should be determined during the opening of the state's case. The application of the rule, however, must of

---

3. Thus, appellant preserved error by his motion to require election. Absent such a motion by the defendant, the State is not required to make an election. *Crawford v. State*, 696 S.W.2d 903 (Tex.Cr.App.1985); *Bates v. State*, 165 Tex.Cr.R. 140, 305 S.W.2d 366 (App.1957).

4. The burden of proof is always upon the State to show that the offense alleged was committed

prior to the presentment or return of the indictment and within the period of limitation regardless of the date alleged. See generally *Vasquez v. State*, 557 S.W.2d 779, 783 (Tex.Cr.App.1977).

5. See *Blackwell v. State*, 51 Tex.Cr.R. 25, 100 S.W. 774. *Crosslin,* 235 S.W. at 906.

necessity depend upon the facts of each particular case, and the time for the election rest, to a large degree, in the discretion of the trial court, to be reviewed only when the discretion is abused to the prejudice of the accused.

We discern no reason why the state should not have been required to do so at the close of its testimony.

*Crosslin,* 235 S.W. at 906.

■ The trial court in its discretion may order the State to make its election at any time prior to the resting of the State's case in chief. However, once the State rests its case in chief, in the face of a timely request by the defendant, the trial court *must* [emphasis added] order the State to make its election. Failure to do so constitutes error.

Both *Crosslin,* supra, and the instant case, involved indictments charging a single offense, and evidence which revealed numerous repetitions of sexual acts over a considerable period of time. In these single count, multiple transaction cases,[6] the State was required to elect which transaction (act of intercourse) it would rely upon to prove that single offense. Where the State fails to elect at the resting of its case in chief, a defendant might find himself without notice as to which of a multitude of acts he might be called upon to defend.[7]

We find the *Crosslin* rule clearly applicable to the instant case. Therefore, the Court of Appeals was correct in holding that the trial court erred in failing to require the State to make its election at the resting of the State's case in chief. The next inquiry is whether such error was harmless under the facts of this case. Absent harm to the defendant, such error is not reversible. *Crosslin,* supra, 235 S.W. at 906.

## II.

### HARMLESS ERROR ANALYSIS

In the instant case, the indictment charged the appellant with committing the offense "on or about the 26th day of April, 1984." The opening statement of the prosecutor specified that the act of intercourse being prosecuted occurred on or about April 24, 1984. The testimony of both the complainant and her stepsister focused clearly on the act of April 24, 1984. Each witness went into detail about the events that transpired on that night. The testimony regarding prior acts of intercourse consisted of (1) the complainant stating that her stepfather had been having intercourse with her every other night since she was five years old, and (2) the complainant's stepsister stating that she had witnessed similar occurrences regularly for the past two or three years.

While the indictment alleged the final act of intercourse to have occurred on or about April 26, several of the witnesses testified that the act in question occurred two nights before the complainant was removed from her home by the Texas Department of Human Resources. This would place the act on April 24. All other testimony also points to this date.

■ By the close of the State's case, it was clear that the act upon which the State would rely for conviction occurred on April 24, 1984. The defendant was on notice of the specific transaction to be relied upon by the State. Thus, the delay in the election did not "embarrass the accused by leaving him in doubt as against which offense he [would] be called upon to defend." *Crosslin,* supra at 906. Given the context of this

---

6. We distinguish *Crosslin,* supra, and the instant case, from those cases in which two or more separate, distinct offenses were alleged in the indictment. See e.g., *Chappell v. State,* 519 S.W. 2d 453 (Tex.Cr.App.1975) (murder with malice and attempted escape); *Hughes v. State,* 455 S.W.2d 303 (Tex.Cr.App.1970) (murder with malice and carrying a pistol on licensed premises); *Blum v. State,* 165 Tex.Cr.R. 413, 308 S.W. 2d 23 (App.1957) (indecent exposure to three different minor victims).

7. We also distinguish *Crosslin,* supra, and the instant case, from those cases in which the trial court required *no* election by the State. See *Crawford v. State,* 696 S.W.2d 903 (Tex.Cr.App. 1985); *O'Clair v. State,* 364 S.W.2d 375 (Tex.Cr. App.1963); *Bates v. State,* 165 Tex.Cr.R. 140, 305 S.W.2d 366 (App.1957); *Hudgins v. State,* 125 Tex.Cr.R. 451, 69 S.W.2d 97 (App.1934); *Smith v. State,* 101 Tex.Cr.R. 615, 276 S.W. 924 (App. 1925).

trial, the belated election, while error, was harmless error.

Because the evidence herein clearly gave notice to the appellant which act of intercourse the State would rely upon for conviction, by the close of the State's evidence, the appellant was not harmed by the State's late election. Thus, the Court of Appeals erred in reversing appellant's conviction in this case.

The judgment of the Court of Appeals is reversed and the cause is remanded to that Court for its consideration of appellant's remaining points of error.