PARKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-275-CR

HIAWATHA PARKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a trial to the jury, appellant Hiawatha Parker was acquitted of aggravated sexual assault of a child and was found guilty of indecency with a child by contact.  Appellant appeals his conviction for indecency with a child by contact.  In two points, he complains about the trial court’s exclusion of evidence and claims that the State failed to elect which act it would rely on for conviction after being requested to do so.  We affirm.

In his first point, appellant asserts that, because the trial court abused its discretion by limiting questioning of the victim’s uncle, mother, and appellant concerning the victim’s alleged prior sexual conduct and motivation to lie, he was thereby denied the right to confront his accusers.  
See 
U.S. Const. 
amend. VI (Confrontation Clause).  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
 
 
The complaint made on appeal must comport with the complaint made in the trial court or the error is waived.  
Butler v. State
, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994), 
cert. denied, 
513 U.S. 1157 (1995).  None of appellant’s objections were based on claims that he was being denied the right to confront his accusers; therefore, he waived his confrontation clause claims.  
 

At trial, appellant argued that the excluded evidence, including the evidence of the victim’s prior sexual conduct, was admissible under the rules of evidence to show the victim’s motive to lie.  A trial court’s decision to admit or exclude evidence is reviewed under an abuse of discretion standard.  
Torres v. State, 
71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  An appellate court will not reverse a trial court’s ruling unless that ruling falls outside the zone of reasonable disagreement.  
Id.

Rule 412 governs the admission of evidence of previous sexual conduct of the victim in criminal cases.  
See 
Tex. R. Evid.
 412.  Rule 412 mandates that in a prosecution for aggravated sexual assault, reputation or opinion evidence of the past sexual behavior of the victim is not admissible.  
Tex. R. Evid.
 412(a).
  
Furthermore, evidence of specific instances of past sexual behavior is not admissible except when it is necessary to rebut or explain scientific or medical evidence offered by the State, it is evidence of past sexual behavior with the accused offered to show consent, it relates to the motive or bias of the alleged victim, it is admissible as impeachment evidence under rule 609, or it is constitutionally required to be admitted. 
Tex. R. Evid.
 
412(b).  Even then, the probative value of the evidence must outweigh the danger of unfair prejudice.  
Id.  
Procedurally, the defendant must inform the court outside the presence of the jury that he intends to offer evidence concerning specific instances of the alleged victim’s past sexual behavior, the court must conduct an 
in camera
 hearing to determine whether the evidence is admissible, and the record of the 
in camera
 hearing must be sealed for appellate review.  
Tex. R. Evid.
 412(c), (d).  Lastly, evidence offered under rule 412 must also be admissible under the other rules of evidence.  
See Burks v. State, 
40 S.W.3d 698, 701 (Tex. App.—Waco 2001, no pet.).
 

The trial court excluded evidence concerning whether the victim’s uncle had heard a rumor that the victim, a minor, had sex with multiple partners at the same time.  Appellant failed to show what the uncle’s answer would have been.  Consequently, he failed to preserve this objection for review because he failed to make known to the trial court the substance of the excluded evidence.  
Tex. R. Evid.
 103(a)(2); 
Guidry v. State, 
9 S.W.3d 133, 153 (Tex. Crim. App. 1999), 
cert. denied, 
121 S. Ct. 98 (2000).  The trial court also excluded evidence concerning this rumor during appellant’s testimony.  Appellant made an offer of proof.  On appeal, appellant suggests that the testimony was necessary to rebut the State’s medical evidence, but at trial he claimed it would demonstrate the victim’s motivation to lie.  Furthermore, the excluded evidence concerned a rumor of unknown origin; therefore, it was inadmissible hearsay.  
Tex. R. Evid.
 802.  

The trial court also excluded evidence concerning the location of the victim’s bedroom window.  Again, appellant failed to make the substance of the excluded evidence known to the trial court and, as a result, failed to preserve error.  Furthermore, the evidence was irrelevant.  
Tex. R. Evid.
 402.  

Based on all of these considerations, we hold that the trial court did not abuse its discretion by excluding evidence.
   Moreover, appellant was not harmed by the exclusion of the evidence.  The jury heard about a different rumor that the victim allegedly had sex with a boy named Bryan, that the victim’s mother threatened to take her for a sexual examination and to beat her “on her privates” as punishment if she had been having sex, and that appellant had threatened to punish the victim for skipping school.  Thus, the jury heard evidence showing that the victim may have been sexually active or had a motive to falsely accuse appellant.  We overrule point one.  

In his second point, appellant contends that the State failed to elect which act it was relying on for conviction after being asked to do so by appellant’s counsel.  “As a general rule, where evidence of multiple occurrences of the acts alleged in the indictment are presented at trial, upon request, the State is required to elect which of the instances of the charged acts it will rely on for purposes of conviction.”  
Mayo v. State, 
17 S.W.3d 291, 298 (Tex. App.—Fort Worth 2000, pet. ref’d) (op. on remand); 
see O’Neal v. State, 
746 S.W.2d 769, 771 (Tex. Crim. App. 1988).  The trial court has discretion to order the State to make the requested election at any time prior to the resting of its case-in-chief.  
See O’Neal, 
746 S.W.2d at 772.  However, once the State rests its case-in-chief, in the face of a timely request by the defendant, the trial court must order an election.  
See id.
  In the absence of a request, the State is not required to elect.  
See id.
 at 771 n.3.    

At the charge conference, appellant’s attorney asked the State to make an election.  The State responded that it was relying on acts alleged to have occurred the Saturday before Easter.  The appellant’s attorney repeated his request after the jury returned, and the State again elected to rely on acts that occurred on the Saturday before Easter:

[PROSECUTOR]: Judge, very specifically, it’s the State’s position that we will proceed on both paragraphs in Count One and both paragraphs of Count Two with regard to the incident described as happening on the Saturday before Easter by [the victim].  She testified to digital and penile penetration on that day, as well as genital and breast fondling.

As soon as appellant actually requested that the State make an election, the State did so.  Moreover, the State’s election was presented before the jury. Appellant’s attorney  acknowledged the election during closing argument.  We overrule point two.

Having overruled both of appellant’s points, we affirm the trial court’s judgment.   

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 12, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.