Reversed and Remanded in Part; Affirmed in Part, and Opinion filed July
27, 2004













Reversed and Remanded in Part; Affirmed in Part, and
Opinion filed July 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-03-00502-CR

           14-03-00503-CR

           14-03-00504-CR

____________

 

HENRY
DANIEL FARR, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from the 338th District Court

Harris County,
Texas

Trial Court Cause Nos. 918716, 919035, and 941488

_______________________________________________________

 

O P I N I O N

Appellant Henry Daniel Farr was
convicted of indecency with a child (trial cause number 919035) and two counts
of aggravated sexual assault of a child (trial cause numbers 941488 and
918716).  Appellant challenges only his
convictions for aggravated sexual assault of a child, arguing the trial court
erred in failing to require the State to elect which acts it relied upon to
convict him.  We reverse these two
convictions and remand for a new trial.








I.  Factual
and Procedural Background

The complainant in this case is K.R.,
who was thirteen years old at the time of trial.  Appellant married K.R.=s mother
in 1998, and the family lived together in Illinois. 
According to K.R.=s
testimony, while in Illinois,
appellant approached K.R., who was nine years old at the time, about taking
nude photographs of her, and after taking the photographs, appellant performed
oral sex on K.R.  The sexual activity
escalated when the family moved to Texas.  During her testimony, K.R. described in
detail four incidents in which appellant performed oral sex on her, beginning
shortly after the family moved to Houston
in the summer of 2001, and continuing over the course of several months.  K.R. also testified that appellant would
digitally penetrate her vagina Aevery
chance he got,@ but she did not provide specific
details about these incidents other than that they occurred when her mother and
younger sister were in another room.

Appellant was charged in three
indictments, one containing a single allegation of aggravated sexual assault of
a child (cause number 941488), another containing two allegations of aggravated
sexual assault of a child (cause number 918716),[1]
and the third containing one allegation of indecency with a child (cause number
919035) involving one of K.R.=s younger
sisters.  See Tex. Pen. Code '' 21.11,
22.021(a)(1)(B) (Vernon 2003).  At the close of all of the evidence, during
the charge conference, appellant requested the trial court to require the State
to make an election of which incidents of oral sex and digital penetration it
would rely upon to prove the aggravated sexual assault charges in cause numbers
941488 and 918716.  The trial court
denied the request.  Appellant renewed
his request for an election during the punishment phase, and the trial court
again denied the request. 








The jury found appellant guilty
on all counts and assessed punishment at thirty years=
imprisonment in the Texas Department of Criminal Justice, Institutional Division
for each of cause numbers 941488 and 918716 and twenty years=
confinement in the Texas Department of Criminal Justice, Institutional Division
for indecency with a child.[2]  The court ordered all three sentences to be
served consecutively. 

II.  Issues Presented

In two issues, appellant contends
the trial court committed reversible error when it failed to require the State
to elect the acts upon which it was relying to convict appellant of aggravated
sexual assault of a child.  

III.  Analysis
and Discussion

A.                
Did the trial court err by failing to require the
State to make an election upon appellant=s request?

The general rule is when Aone act
of intercourse is alleged in the indictment and more than one act of intercourse
is shown by the evidence in a sexual assault trial, the State must elect the
act upon which it would rely for conviction.@  O=Neal v.
State, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988).  Before the State rests, the trial court has
discretion in directing the State to make an election.  Phillips v. State, 130 S.W.3d 343, 349
(Tex. App.CHouston [14th Dist.] 2004,
pet. filed).  Once the State rests its
case in chief, upon a timely request by the defendant, the trial court must
order the State to make an election and failure to do so is error. Id. (citing O=Neal, 746
S.W.2d at 772).[3]  








During the charge conference,
prior to closing argument, appellant requested that the trial court require the
State to make its election with regard to the aggravated sexual assault
allegations and the trial court denied this request.[4]  The State contends the jury charges
themselves constituted de facto elections because the jury was limited
to a specific date in each charge[5]
and received a limiting instruction regarding evidence of extraneous offenses
occurring on dates other than the dates on which the offenses alleged in the
indictments occurred.[6]  

As to the dates in the jury
charges, the State overlooks the fact that the jury charges also instructed the
jury that the State was not bound by the dates that the State claims
constituted de facto elections.[7]  Further, the trial court also instructed the
jury that it could convict appellant based on proof beyond a reasonable doubt
that the offense was committed at any time.[8]  Therefore, for the purposes of determining
appellant=s guilt or innocence of the
indicted offenses, the jury charges did not limit the jury=s
consideration to appellant=s conduct
on any specific date.  








As to the limiting instruction
regarding evidence of extraneous offenses, contrary to the State=s
argument, this instruction makes no reference to appellant=s conduct
on Aother
dates.@  Rather, this instruction addresses how the
jury should consider evidence of appellant=s having
committed offenses other than those charged in the indictments in this case,
regardless of the dates on which any such extraneous offenses may have
occurred.  This instruction does not
specify which instances of sexual contact are charged in the indictments and
which are not, and this instruction provides no means for the jury to make this
determination.  In sum, the
extraneous-offense instruction does not clarify for the jury which of the
alleged offenses the State is relying upon for conviction.  See Phillips, 130 S.W.3d at 353 n.11
(noting same).  Therefore, we conclude
that the trial court=s charges
in cause numbers 941488 and 918716 were not sufficient to constitute effective
elections.  

By not requiring the State to make
an election upon appellant=s timely
request, the trial court committed error in this case.[9]  We must next determine whether this error was
harmless.

B.        Was the trial court=s error
harmless?

In Phillips, this court
concluded that an appellant=s right to
require the State to elect is a right of constitutional proportions and,
therefore, should be reviewed under a harmless error review for constitutional
error. Phillips, 130 S.W.3d at 352. 
Under Texas Rule of Appellate Procedure 44.2(a), we must reverse unless
we find beyond a reasonable doubt that the error did not contribute to the
conviction.  See Tex. R. App. P. 44.2(a).  The error is not harmful if the evidence
clearly indicates which specific incident the State was relying on for
conviction. See Phillips, 130 S.W.3d at 352.








With regard to the offense of
aggravated sexual assault of a child by oral sex (cause number 941488), it is
unclear from the testimony which incident the jury may have relied upon to
convict.  Specific details of at least
four incidents of oral sex in the family=s Houston
apartment were presented.  K.R. described
what happened during each incident and where in the apartment each took
place.  She provided a general time line
of when the events occurred, sometimes indicating her age and grade in school,
the time of year the incident took place, or the approximate amount of time
that had passed since the previous incident. 
During its closing argument, the State chose to focus a significant
portion of the argument on the nude photographs appellant took of K.R. while
the family lived in Illinois, addressing only generally the incidents occurring
in Houston to which K.R. testified. 
Thus, the offense of oral sex was described in detail more than once,
potentially allowing the jury to convict because some of the jurors relied upon
one incident and others relied upon another. 
See Phillips, 130 S.W.3d at 353B54.  Under these circumstances, we cannot say
beyond a reasonable doubt that the error did not contribute to the conviction.  See Tex.
R. App. P. 44.2(a).  

The second offense C digital
penetration of the female sexual organ (cause number 918716) C presents
a different situation.  K.R. testified
only generally about incidents involving this type of penetration, stating
appellant would penetrate her with his finger Aevery
chance he got@ and that these incidents
occurred when her mother and her sister were in other rooms of the
apartment.  She could not recall how many
times these incidents occurred, but stated that they did not occur in
connection with the incidents of oral sex. 
During her testimony, K.R. described the day on which she told her
mother that appellant had sexually assaulted her.  She stated she had just returned from
swimming and she believed her sister saw appellant touching her; however, it is
unclear from either her testimony or her sister=s
testimony whether appellant was committing the offense of digital
penetration.  Her sister only testified
that appellant was Aleaning
over [K.R.] very, very close when [K.R.] was washing the dishes . . . .  And his hands were kind of moving up toward
her breasts . . . .@ 








Unlike O=Neal and Phillips,
this case does not present a situation in which the complainant gave a detailed
account of one sexual act in addition to testifying that it occurred on a
regular basis, thus making clear which act the State would be relying upon for
conviction.  See O=Neal, 746
S.W.2d at 772B73; Phillips, 130 S.W.3d
at 354B55; see
also Wilson v. State, 3 S.W.3d 223, 226B27 (Tex. App.CWaco 1999, pet. ref=d)
(distinguishing O=Neal because
evidence pointed to two particular incidents for which the jury could have
found appellant guilty).  General
statements of repeated occurrences may support a conviction.  See Rodriguez v. State, 104 S.W.3d 87,
91 (Tex. Crim. App. 2003) (holding testimony that defendant delivered cocaine Amaybe 20
or 30 times@ was sufficient to support
conviction).  In this case, because a
specific incident was not described but rather only general statements were
made as to digital penetration, we cannot say beyond a reasonable doubt that
the error did not contribute to the conviction. 
See Tex. R. App. P. 44.2(a).    

Accordingly, we sustain appellant=s issues
on appeal regarding cause numbers 941488 and 918716, reverse those two
convictions, and remand those cases to the trial court for a new trial.  As to appellant=s
conviction for indecency with a child (cause number 919035), appellant has not
raised any issues on appeal regarding this conviction and we, therefore, affirm
the trial court=s
judgment in that case.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Opinion filed July 27, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  During the
charge conference, the State abandoned the paragraph alleging oral sex and
proceeded only on allegations of digital penetration for cause number
918716.  





[2]  Appellant does not assert any complaints
on appeal regarding his conviction in cause number 919035 for indecency with a
child.    





[3]  The State
claims appellant=s request for election was not timely.  The State argues that Texas Code of Criminal
Procedure article 38.37 allows the admission of evidence of other crimes,
wrongs, or acts for its bearing on relevant matters such as the state of mind
of the defendant and the child and the previous and subsequent relationship
between the defendant and the child.  See
Tex. Code Crim. Proc. Ann. art.
38.37 (Vernon Pamph. 2004).  The State
posits that had appellant requested a limiting instruction on extraneous
offenses when the evidence was introduced, the jury would have been put on
notice as to the acts upon which the State was relying for conviction.  We find this reasoning unpersuasive.  The State=s logic
is contrary to the rule established in O=Neal.  Although the State points out that article
38.37 was enacted after O=Neal, our court recently reaffirmed the rule articulated
in O=Neal that, once the State rests its case in
chief, a defendant=s timely request for election must
be granted.  Phillips, 130 S.W.3d at 349 (citing O=Neal, 746 S.W.2d at 772).  Therefore, regardless of whether appellant
requested a limiting instruction on extraneous offenses, appellant=s request for election was
timely.  See O=Neal, 746 S.W.2d at 772; Phillips,
130 S.W.3d at 349B50.

 

Although the State does not raise the
issue, at least one court of appeals has found a motion for election to be
untimely when the defendant requested election for the first time during the
jury charge conference.  See Gutierrez
v. State, 8 S.W.3d 739, 748 (Tex. App.CAustin
1999, no pet.).  The court reasoned that
the motion came too late because the defendant could no longer take advantage of
the benefits of election, namely providing him with notice of the acts that he
would be called upon to defend against during his case-in-chief.  See id.  Our court in Phillips identified two
other reasons for requiring election in addition to providing notice to the
defendant: (1) to ensure a unanimous verdict, and (2) because the jury might
tend to convict, not because it found beyond a reasonable doubt that each of
the offenses was committed, but because it was convinced of guilt due to the
number of alleged incidents.  See
Phillips, 130 S.W.3d at 351.  Both of
these possible reasons for election existed at the time appellant made his
request to the trial court during the jury charge conference.  Moreover, the reason for wanting the election
does not matter.  Id. at 350.  For the State to be required to elect, the
defendant need only make a timely request once the State rests its case in
chief.  See id.  As a result, based on these reasons, we find
appellant=s request in this case timely.





[4]  The record reads,
in pertinent part:

 

Defense Counsel:
Yes, Judge.  I believe that the -- since
there was testimony that both 941488 and 918716 involved the person known as
[K.R.] -- and, Judge, they alleged two separate dates, one January 15, 2002,
the other indictment was May 15, 2002.  I
would allege, Judge, because of the testimony, [K.R.] was saying several times
that there were many and multiple acts of both digital penetration and oral sex
between herself and the defendant, it became unclear.  She was asked how far back it went.  She gave a date.  My objection is I=m asking the Court to direct the State to make an
election pursuant to Crawford versus State 696 S.W.2d 903, and Scroggins versus
State 799, 769 Texas Court of Criminal Appeals.

 

Court: Be denied. 





[5]  In pertinent
part, the charges in trial cause numbers 918716 and 941488 are identical except
for the dates (May 15, 2002 and January 15, 2002, respectively) and the
offenses (digital penetration and oral sex, respectively).  Otherwise, the language in both jury charges
provides:

Now, if you find from the evidence beyond a reasonable doubt that on or
about the [date alleged in the indictment], in Harris County, Texas, the
defendant, Henry Daniel Farr, did then and there unlawfully, intentionally or
knowingly cause [the offense alleged in the indictment], then you will find the
defendant guilty as charged in the indictment. 





[6]  Both charges
contain the following instruction:

 

You are further instructed that if there is any evidence before you in
this case regarding the defendant=s
committing an alleged offense or offenses other than the offense alleged
against him in the indictment in this case, you cannot consider such evidence
for any purpose unless you find and believe beyond a reasonable doubt that the
defendant committed such other offense or offenses, if any, and even then you
may only consider the same in determining the motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident of
the defendant, if any, in connection with the offense, if any, alleged against
him in the indictment and for no other purpose. 
 





[7]  Both charges
also contain the following instruction:

 

You are further instructed that the State is not bound by the specific
date which the offense, if any, is alleged in the indictment to have been
committed, but that a conviction may be had upon proof beyond a reasonable
doubt that the offense, if any, was committed at any time within the period of
limitations.  The limitation period
applicable to the offense of aggravated sexual assault of a child is ten years
from the date of the 18th birthday of the victim of the offense.





[8]  Each charge
instructed the jury that it could convict appellant based on proof beyond a
reasonable doubt that the offense was committed at any time up until the
complainant=s 28th birthday; however, because the complainant was
only thirteen years old at the time of trial, this was equivalent to stating
that the jury could convict appellant based on proof beyond a reasonable doubt
that the offense was committed at any time.





[9]  An exception
to the election requirement exists when several acts of intercourse were
committed by one continuous act of force and threats and are part of the same
criminal transaction.  O=Neal, 746
S.W.2d at 771.  However, the State does
not contend that the exception to the election requirement applies in this
case, and we see no basis for its application. 
See id. at 770B72
(stating exception did not apply in case in which complainant testified
appellant had been having sexual intercourse with complainant for several
years).