IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00338-CR

 

Elizabeth Christina Pittillo,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2004-583-C

 



OPINION DENYING REHEARING



 

      Pittillo’s motion for rehearing
forcefully argues the unfairness that resulted from the failure of the trial
court to require the State to elect among the various offenses it sought to
prove and the resulting effect on her entitlement to a limiting instruction
about those offenses that were ultimately extraneous.  She suggests for the
first time that the admission of such evidence without a limitation on the
jury’s use of it is so prejudicial as to render the trial fundamentally unfair
in violation of the Due Process Clause of the Fourteenth Amendment, citing Dawson
v. Delaware, 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992), and Estelle
v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

      At least since the Court of
Criminal Appeal’s 1988 decision in O’Neal v. State, the trial judge has
had the discretion to determine when to require the state to elect between
acts, subject to the requirement that the election must be made no later than
when the state rests its case in chief.  O’Neal v. State, 746 S.W.2d
769, 772 (Tex. Crim. App. 1988).  During the intervening period, Rankin v.
State was decided, which requires the trial court to give limiting
instructions when admitting extraneous offenses.  Rankin v. State, 974
S.W.2d 707, 711-12 (Tex. Crim. App. 1996).  It is the tension between these two
rules that Pittillo says led to fundamental unfairness in her case.

Early in the trial, Pittillo
requested that the State be required to elect between potential offenses, and
when the request was denied, requested a limiting instruction.  The court gave
what can only be characterized as a general “other crimes, wrongs, or acts”
instruction without focusing on the testimony being given at that time. 
Counsel renewed the request for an election on at least two more occasions.[1] 
Thereafter, when counsel would request a limiting instruction when the state
offered evidence that could constitute an extraneous offense, the trial judge
would say: “I have given that limiting instruction.  The jury will consider it
given again.” or “The limiting instruction is once again given.  The Jury will
recall it.”  Never was the instruction linked to the testimony being given at
the time.   

During W.P.’s testimony, Pittillo
renewed the request for an election, and the trial judge and counsel engaged in
an extended discussion on the record about the trial judge’s discretion, article
38.37 of the Code of Criminal Procedure, the status of the State’s proof, and
the defendant’s desire to know which act the State would rely on.  Pittillo’s
counsel pointed out that extraneous offenses “are to be limited at the time
that they are admitted.”  He urged: “By the State’s failure to elect, we do not
know which acts are extraneous.”  The court again gave a “general” instruction,
and later in W.P.’s testimony again referred to it.

      During Dr. Sims’ testimony, the
court gave an abbreviated version of the general instruction.  A short time
later the court referred to it again and for the first time linked the
instruction to specific testimony.

      The guidance in O’Neal is
limited:

When, as in the present instance, the
state has the privilege of proving several acts of sexual intercourse and
avails itself of this right, the election should not be required until such
stage in the development of the evidence as would give state's counsel an
opportunity to intelligently determine upon which transaction he would rely for
a conviction, and it should not be so long delayed that it would embarrass the
accused by leaving him in doubt as against which offense he will be called upon
to defend.  Generally the matter should be determined during the opening of the
state's case.  The application of the rule, however, must of necessity depend
upon the facts of each particular case, and the time for the election rest, to
a large degree, in the discretion of the trial court, to be reviewed only when
the discretion is abused to the prejudice of the accused.  

 

O’Neal, 746 S.W.2d at 771-72 (citing Crosslin
v. State, 90 Tex. Cr. R. 467, 929 S.W. 905, 906 (1921)).  And, we have
found no cases elaborating on the method by which we are to analyze at what
stage in the development of the state’s evidence gives state's counsel an
opportunity to intelligently determine upon which transaction he would rely for
a conviction or when it has been so long delayed that it would embarrass the
accused by leaving him in doubt as against which offense he will be called upon
to defend.  

On original submission, we
held that the court did not abuse its discretion in denying the requests to
require the State to elect and, because the offenses were not extraneous when
proven, did not err in failing to give the requested instructions.  Although we
perceive it to be a close call based on the facts of this particular case, we
cannot say that the court acted outside the zone of reasonable disagreement in
refusing to require the State to elect earlier.  Thus, we find that the trial
court did not abuse its discretion in that regard.  

On rehearing, the State
also argues, without authority, that testimony admitted under article 38.37 is
admitted “without limitation” and that Rule of Evidence 105(a) therefore does
not apply.  We disagree.

Although the limiting
instructions given in this case could have been more specific, some instruction
was given.  Pittillo does not complain about the content of the instructions,
only the timing in relation to the admission of the evidence.  Having found
that the trial court did not abuse its discretion in refusing Pittillos’s
requests for an early election, we find that the instructions were not required
because the offenses were not extraneous when admitted.  Alternatively, we
would hold that the instructions were sufficient.  And, if we were to find that
the trial court erred in giving the instructions that were given, we would find
the error to be harmless.

Pittillo’s motion for
rehearing is denied.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the
denial of the motion for rehearing without a separate opinion)

Rehearing
denied

Opinion
delivered and filed July 26, 2006

Do
Not Publish

 

 









[1]
During the testimony of  W.P. and Dr. Ann Sims.