IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1576-05






ANTHONY DIXON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


BRAZORIA COUNTY





 Price, J., filed a dissenting opinion in which Meyers and Johnson, J.J.,
joined.


DISSENTING OPINION 



 It is debatable whether the complainant testified to one discrete occurrence, and one
hundred additional, uncharged occurrences, or one hundred incidents of sexual assault that
occurred in exactly the same manner every time (except for one daytime incident). This
ambiguity stems from the State's mode of questioning, which asked what "would" the
appellant do, rather than what "did" the appellant do. If we consider the testimony as a
description of a single incident, combined with general testimony of one hundred other
occurrences, O'Neal v. State (1) clearly controls, and the error at failing to elect was "harmless"
in that there was no danger that the defendant or the jury would be genuinely confused as to
the incident upon which the State was relying to convict. 

 Nevertheless, the majority does not read the record in this way. Neither did the court
of appeals. Instead, the majority reads the complainant's testimony as a description of one
hundred occurrences of the same conduct and says that "all" of the one hundred occurrences
were presented with "equal specificity" - which is to say, with almost no specificity at all. (2) 
The majority then asserts that the appellant "was not entitled to be protected from admission
of evidence of extraneous sexual offenses committed by him against a child" because Texas
Code of Criminal Procedure Article 38.37 "permits the admission of these offenses to show
the previous and subsequent relationship between appellant and the child victim." (3) It is true
that Article 38.37 allows for the admission of uncharged misconduct for relevant purposes. 
But it does not allow for admission of uncharged misconduct for any and all purposes, and
it remains incumbent on the State to prove up a discrete offense for which it will rely to
convict, and to elect the incident it will rely upon to convict when it proves up more than one. 
Article 38.37 in no way permits the State to prove a single indicted count by presenting
unelected, undifferentiated evidence of one hundred incidents.

 Further, I disagree that Garcia v. State (4) stands for the proposition that the failure to
elect in this case was harmless because the State was not bound by the date alleged in the
indictment. Garcia does not address harm resulting from the failure to elect. Garcia merely
stands for the proposition that the State is not bound to the specific date of an indictment, and
that the "on or about" language in an indictment has the primary purpose of establishing that
the State is not barred by the applicable statute of limitations. (5) Thus, the State need not prove
an exact date in order to convict. 

 This proposition in no way, however, allows the State to prove the indicted charge by
presenting an array of undifferentiated, uncharged misconduct, without electing to proceed
upon a specific, discrete incident. The State must still provide evidence of a discrete incident
(even if the date is uncertain) to prove any given charged offense beyond a reasonable doubt
and, when evidence of other occurrences is admitted (say, under Article 38.37), it must still
provide the defendant with notice by electing the incident it will rely upon for conviction, to
differentiate that incident from all the other, uncharged-but-admissible incidents. To hold
otherwise is an invitation for the State to throw multiple, non-specific accusations of
misconduct at a defendant in hopes of convicting him, not because it has proved a discrete
incident beyond a reasonable doubt, but because it has proved enough amorphous misconduct
that the jury believes he is a criminal in a more general sense. 

 Further, with one hundred undifferentiated incidents to consider as evidence of one
charged offense, there is a distinct danger that the jurors will not only fail to reach a
unanimous verdict in convicting the defendant, but that they could convict on as many as
twelve different incidents. Whatever the jeopardy implications, clearly such a verdict would
meet neither the unanimous jury guarantee of the Texas Constitution, (6) nor the "substantial
majority" requirement of the Sixth Amendment. (7) Error of this kind vitiates the entire jury
verdict, calling into question whether the appellant received the jury trial guaranteed by the
Sixth Amendment at all. (8) Accordingly, I do not agree that the trial court's error in failing to
require an election when the State sought to prove a single count with evidence of one
hundred, unelected, undifferentiated incidents is harmless error.

 I respectfully dissent from the judgment of the Court to reverse the court of appeals.

Filed: September 13, 2006

Publish.
1. 

 746 S.W.2d 769 (Tex. Crim. App. 1988).
2. 

 Slip op. at 6.
3. 

 Id., at 7.
4. 

 981 S.W.2d 683 (Tex. Crim. App. 1998).
5. 

 Id., at 686.
6. 

 Tex. Const., art. V, § 13.
7. 

 See Johnson v. Louisiana, 406 U.S. 356, 362 (1972).
8. 

 U.S. Const. amend. VI; see Sullivan v. Louisiana, 508 U.S. 275, 279-80 (1993) (charging
error relating to definition of burden of proof not subject to harm analysis because it wholly deprives
defendant of the jury verdict the Sixth Amendment entitles him to).