# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-03-00673-CR

**John Anthony Palmer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53780, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury found appellant John Anthony Palmer guilty of aggravated sexual assault of a child, for which the district court assessed a forty-year prison term. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2006). This Court affirmed the conviction on original submission. *See Palmer v. State*, No. 03-03-00673-CR, 2004 Tex. App. LEXIS 8893 (Tex. App.—Austin Oct. 7, 2004) (not designated for publication). On appellant's petition for discretionary review, the court of criminal appeals held that the trial court erred by refusing appellant's request for an election by the State, reversed this Court's judgment, and remanded the cause for a constitutional harm analysis.

*See Palmer v. State*, No. PD-1746-04 (Tex. Crim. App. Oct. 4, 2006) (not designated for publication). We will again affirm the conviction.

The indictment alleged that appellant penetrated the complainant's sexual organ with his sexual organ on or about May 12, 1996. The alleged date was Mother's Day. The complainant, who was nine years old in May 1996 and sixteen years old at the time of appellant's trial, testified that she distinctly remembered that day. She was living in Killeen with appellant, who was her stepfather, and her mother and siblings. While her mother was out of the house, appellant took her to the bedroom, locked the door, and had intercourse with her. The complainant's mother returned home while she and appellant were still naked. Appellant told her to hide in the closet, then went to the locked door and told the complainant's mother that he and the complainant were wrapping a Mother's Day present. The complainant's mother also testified that she recalled this incident, although she did not know at the time what was really happening in the bedroom.

The complainant testified that appellant began sexually abusing her when she was four years old. Although she did not describe any other incident in detail, she did testify that appellant had oral, vaginal, and anal intercourse with her on a regular basis until the year 2000, when her mother and appellant were divorced. The family was living in Georgia when the abuse began. Thereafter, the family moved to Washington and then, in 1995, to Killeen.

In his first point of error, appellant urged that the trial court erred by refusing to require the State to elect the act on which it sought a conviction. Noting that the election motion was made during the charge conference after evidence was closed, this Court originally concluded that the motion was untimely because it would not have assisted appellant in the presentation of a

2

defense. The court of criminal appeals disagreed: "The purpose of an election is more than to aid the defendant in preparing a valid defense. Election also ensures a unanimous jury verdict. Thus, error results in denying a requested election, even when a defendant does not make his request until the charging conference." *Id*. slip op. at 4 (footnote omitted). The court concluded that constitutional error was presented and remanded the cause for an appropriate harm analysis. *Id*. We must reverse the judgment of conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a).

An election by the State can serve four purposes: (1) to give notice to the defendant of the particular offense the State intends to rely on and afford the defendant an opportunity to defend; (2) to protect the defendant from the introduction of extraneous offenses; (3) to minimize the risk that the jury might convict, not because one or more crimes were proved beyond a reasonable doubt, but because all of them together convinced the jury that the defendant was guilty; and (4) to ensure that the jurors unanimously agree that one specific incident constituting the offense alleged in the indictment occurred. *Phillips v. State*, 193 S.W.3d 904, 910 (Tex. Crim. App. 2006). Because appellant did not ask for an election until after the evidence was closed, the first two purposes are not at issue here. Appellant argues that because an election was not required, it is possible that the jury convicted him on the sheer volume of evidence rather than because any one offense was proved beyond a reasonable doubt. He further argues that even if each incident referred to in the testimony constituted a sexual assault offense, without an election there is a reasonable doubt as to whether the jurors reached a unanimous verdict by agreeing on a single distinct incident.

3

The jury charge authorized appellant's conviction only if the jury found that he penetrated the complainant's sexual organ with his sexual organ on or about May 12, 1996, in Bell County. The charge also instructed the jury to consider testimony "regarding the defendant's having committed offenses other than the offense alleged against him in the indictment" only in determining "the state of mind of the defendant and the child, and the previous and subsequent relationship" between them. We have no reason to believe that the jurors did not follow the court's charge. Therefore, we must determine only whether appellant was harmed by the State's failure to elect a single act of penetration of the complainant's sexual organ by appellant's sexual organ in Bell County.

We are satisfied that the failure to require an election did not create a significant risk that the jury found appellant guilty of an offense that was not proved beyond a reasonable doubt. The complainant was the sole source of all of the evidence regarding appellant's sexually assaultive behavior. The jurors either found the complainant's testimony and her statements to others describing appellant's conduct to be credible or they did not. There is no reasonable basis for believing that the jury would not have convicted appellant on the sole basis of the complainant's testimony regarding the Mother's Day incident, which was the only incident she described in any detail, was clearly sufficient in itself to support a finding of guilt, and was almost certainly the act the State would have elected had it been required to do so. *See Dixon v. State*, 201 S.W.3d 731, 735 (Tex. Crim. App. 2006).

We are also confident that the State's failure to elect did not result in a non-unanimous verdict. Clearly, the jurors unanimously agreed that appellant penetrated the complainant's sexual organ with his sexual organ on at least one occasion in Bell County. *See id.*

4

at 735 n.23.  Granted, the jurors were instructed by the court and reminded by the prosecutor that they were not bound by the precise date alleged in the indictment and could convict appellant if they found that he committed the alleged offense at any time between February 15, 1991, and February 14, 2000.  But as previously noted, the Mother's Day incident was the only act of penetration described in detail in the testimony.  Although the complainant's testimony supports a finding that appellant vaginally penetrated her with his penis on other occasions in Bell County, she did not testify to any other specific occurrence.  On this record, it is unlikely that any juror voted to convict appellant for one of these other, vaguely described acts of penetration rather than the Mother's Day incident so graphically described in the complainant's testimony. *See O'Neal v. State*, 746 S.W.2d 769, 772-73 (Tex. Crim. App. 1988); *Phillips v. State*, 130 S.W.3d 343, 354-55 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 193 S.W.3d 904, 914 (Tex. Crim. App. 2006).

Having found that the constitutional error was harmless beyond a reasonable doubt, we affirm the judgment of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed:   January 5, 2007

Do Not Publish