

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00169-CR

**KEITH ALLEN PORTER,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2006-320-C2

## MEMORANDUM OPINION

A jury convicted Keith Allen Porter of two counts of aggravated sexual assault and a single count of indecency with a child. The jury assessed his punishment at seventy five years for each of the aggravated sexual assault convictions and ten years for the indecency conviction. Porter contends in his sole issue that the court abused its discretion by failing to require the State to make an election before resting. We will affirm.

Count one of the indictment alleges that Porter sexually assaulted his son by penetrating the boy's anus with his finger. Count two alleges that Porter did the same thing with a hose. Count three alleges that Porter exposed his genitals in the presence of his son.

The complainant testified about the sexual assaults occurring when he was in the second grade[1] and that they happened in "tons of houses."[2] He said he was sexually assaulted each time Porter bathed him, which was about three times a day at the time. He testified that Porter exposed himself "lots of times." These incidents occurred in the bathroom and in Porter's bedroom.

During the course of the trial, Porter repeatedly asked the court to make the State elect which incidents it would rely on for conviction. The trial court did not require the State to make an election until the State rested its case in chief. The State elected to proceed on "the very first" acts of penetration that occurred in the bathroom and "the very first exposure" in the bedroom.

Porter's appellate complaint focuses on the following language in *O'Neal v. State*, 746 S.W.2d 769 (Tex. Crim. App. 1988), regarding the timing of the State's election:

> The trial court in its discretion may order the State to make its election at any time prior to the resting of the State's case in chief. However, once the State rests its case in chief, in the face of a timely request by the defendant, the trial court *must* order the State to make its election. Failure to do so constitutes error.

---

[1]     The complainant was in fifth grade at the time of trial.

[2]     The family lived in McLennan County for the first part of the complainant's second-grade year, then moved out of state. They later returned to Texas and now live in another county.

*Id.* at 772. His complaint concerns the circumstances under which a trial court may require the State to make an election before resting.

Porter refers to a very old decision by the Supreme Court of Texas as a source of guidance on this issue. In *Lunn v. State*, 44 Tex. 85, 1875 WL 7643 (1875), the Court held, "The prosecuting officer should not be required to make the election before he has examined the witnesses far enough to identify the transactions to which the testimony relates, without going into details." *Id.* at 88, 1875 WL 7643, at *2. The Court derived this holding from Bishop's *Commentaries on the Law of Criminal Procedure*, relying in particular on the following quotation:

> This able jurist in a general summing up of cases on this subject expresses his own views, and says: "It is one which addresses itself chiefly to the judicial discretion of the individual judge who presides at the trial." It is added "that as a general fact justice is best promoted when the judge permits the witnesses to go far enough to identify particular transactions before compelling the election."

*Id.* at 87, 1875 WL 7643, at *2 (quoting 1 JOEL PRENTISS BISHOP, COMMENTARIES ON THE LAW OF CRIMINAL PROCEDURE § 462 (2d ed. 1872)).

We agree with Porter that *Lunn* provides some guidance as to the circumstances under which a court may require the State to make an election before resting. The critical issue is whether at some point during the State's case in chief the testimony and other evidence "go far enough to identify [a] particular transaction." *See id.* In other words, before an election may be compelled, the State's evidence must show a discrete, identifiable occurrence which fits within the allegations of the indictment. Generally,

such a showing will include a chronological component (*e.g.*, the complainant may testify that the defendant assaulted him during the Thanksgiving holidays).

Here, the State's evidence did not show any discrete, identifiable occurrence. Rather, the complainant in essence testified that Porter repeatedly sexually assaulted him and exposed himself during the complainant's second grade year. There was nothing in the complainant's testimony to isolate any particular sexual assault or instance of exposure. Accordingly, we cannot say that the court abused its discretion by not requiring the State to make its election until it rested.

We overrule Porter's sole issue and affirm the judgment.


FELIPE REYNA
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray concurs in the judgment only to the extent it affirms the trial court's judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed July 29, 2009
Do not publish
[CRPM]