**Opinion issued August 30, 2016**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-15-00132-CR

———————————

## RICHARD CHARLES OWINGS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1454997**

---

## DISSENTING OPINION

The complainant testified about separate acts of sexual assault; thus, the trial court erred in failing to require the State to elect the act for which it sought a conviction when the State rested its case. But this error, beyond a reasonable doubt, did not contribute to Owing's conviction, because: (1) the State charged a

specific act of sexual assault in the indictment; (2) the jury was properly instructed that it had to unanimously find the defendant guilty of the specific act as charged in the indictment; (3) when the State rested, the trial court notified the defendant that it planned to charge the jury as to the act charged in the indictment; (4) extraneous acts of sexual abuse were properly admitted and their import properly limited in the court's charge; and (5) the defense was the same for each act of alleged assault. Because the error was harmless, I respectfully dissent from the majority's opinion.

Upon a defendant's timely request, the State must elect the specific act it relies on for a conviction. *Phillips v. State*, 193 S.W.3d 904, 909 (Tex. Crim. App. 2006); *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). Failure to require this election is constitutional error, for which we must reverse "unless [we find] beyond a reasonable doubt that the error did not contribute to the conviction[] or had but slight effect." *Phillips*, 193 S.W.3d at 914 (citing TEX. R. APP. P. 44.2(a)). Our harm analysis is informed by the four purposes behind the election rule:

(1) to protect the accused from the introduction of extraneous offenses;

(2) to minimize the risk that the jury might choose to convict, not because one or more crimes were proved beyond a reasonable doubt, but because all of them together convinced the jury the defendant was guilty;

(3) to ensure unanimous verdicts, that is, all of the jurors agreeing that one specific incident, which constituted the offense charged in the indictment, occurred; and

(4) to give the defendant notice of the particular offense the State intends to rely upon for prosecution and afford the defendant an opportunity to defend.

*Dixon v. State*, 201 S.W.3d 731, 733, 734 (Tex. Crim. App. 2006).

As the majority observes, the first purpose of the election requirement was satisfied. As in *Dixon*, the defendant "was not entitled to be protected from the admission of evidence of extraneous sexual offenses committed by him against the child," because Article 38.37 of the Code of Criminal Procedure provided for their admission. TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2005 & Supp. 2015); *Dixon*, 201 S.W.3d at 734. Owings raises no objection on appeal to the admission of this evidence. Accordingly, the trial court's error did not cause harm as to the first purpose of the election requirement.

As to the second and third purposes, the majority argues that this case is more like *Phillips* than *Dixon* because the complainant's testimony involved four incidents that each occurred under different circumstances. *Compare Dixon*, 201 S.W.3d at 732–33, *with Phillips*, 193 S.W.3d at 906–08. According to the majority, the jury could have concluded that Owings was guilty by cumulating the varying allegations against him, rather than because it was persuaded beyond a reasonable doubt that Owings committed a particular act of sexual molestation.

3

Further, the majority suggests that the lack of an election may have led individual jury members to base their guilty votes upon different incidents, undermining the unanimity of the verdict.

However, the trial court clarified to Owings's counsel that the State pursued a conviction based on the single act as alleged in the indictment, and that the court planned to charge the jury as to that incident:

> There is one date that is alleged in the indictment. So, the State is relying on the elements, I would imagine—well, they are required by law to rely on what they have pled, which is one act on or about a certain date. There aren't multiple paragraphs in this indictment alleging different acts on different dates. Now, I do intend to give the jury a limiting instruction, and I gave a limiting instruction already, but I'll give it to the jury, obviously, in the Court's Charge regarding other acts between—alleged acts between the Defendant and the complaining witness.

The court also properly instructed the jury that it was required to unanimously find Owings guilty as to the single incident:

> Now, if you unanimously find from the evidence beyond a reasonable doubt that on or about the 1st day of January, 2010, in Harris County, Texas, the defendant, Richard Charles Owings, Jr., did then and there unlawfully, intentionally or knowingly cause the sexual organ of [the complainant], a person younger than fourteen years of age and not the spouse of the defendant, to contact the sexual organ of Richard Charles Owings, Jr., then you will find the defendant guilty of aggravated sexual assault of a child, as charged in the indictment.

Further, the trial court properly instructed the jury that it was not to consider evidence of Owings's testimony about uncharged incidents of sexual abuse in determining his guilt for the charged incident:

4

> You are further instructed that if there is any evidence before you in this case regarding the defendant committing other crimes, wrongs, or acts against the child who is the victim of the alleged offense in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other crimes, wrongs, or acts against the child, if any, and even then you may only consider the same in determining its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child, and for no other purpose.

The jurors therefore understood that they could not "add up" evidence of several incidents to justify a conviction for one incident of sexual assault. Owings raised no objection to the court's charge. Thus, while the trial court erred in not requiring the State to elect a particular incident, the trial court's clarification of the court's plan to charge the jury and jury charge instructions themselves fulfilled the second and third purposes enumerated in *Phillips* and *Dixon*. *See Dixon*, 201 S.W.3d at 733, 734; *Phillips*, 193 S.W.3d at 909–10.

Finally, Owings was not harmed by a lack of notice because his defense was the same for each alleged act. The majority suggests that the trial court's failure to require an election made it unclear which incident the State relied upon for a conviction, compromising Owings's ability to prepare his defense. Because Owings's defense was to deny that any sexual assault occurred, however, it would have been the same defense regardless of the act that the State elected to pursue. An election is required to "afford the defendant an opportunity to defend." *See*

5

*Phillips*, 193 S.W.3d at 910; *accord O'Neal*, 746 S.W.2d at 772–73.  The State's notice of its intention to use the complainant's hearsay statements revealed to Owings that the complainant had alleged repeated acts of abuse over a period of years.  Owings therefore knew that the complainant alleged several instances of assault.  His defense to each allegation was the denial that any of the acts ever occurred and to challenge the credibility of the complaining witness.  Because Owings's ability to prepare his defense was not affected, he was not harmed.  *See Dixon*, 201 S.W.3d at 733, 734; *Phillips*, 193 S.W.3d at 910, 914; *O'Neal*, 746 S.W.2d at 772–73.

## CONCLUSION

The trial court's error in failing to require the State to elect the act for which it pursued a conviction upon resting its case did not contribute to the defendant's conviction.  Accordingly, we should affirm the judgment of the trial court.  I therefore respectfully dissent.


Jane Bland
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

Bland, J., dissenting.

Publish.  TEX. R. APP. P. 47.2(b).