Henry Daniel **FARR**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 14–03–00502–CR to
14–03–00504–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 27, 2004.

---

Joseph Salhab, Houston, for appellants.

Kelly Ann Smith, for appellees.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Henry Daniel Farr was convicted of indecency with a child (trial cause number 919035) and two counts of aggravated sexual assault of a child (trial cause numbers 941488 and 918716). Appellant challenges only his convictions for aggravated sexual assault of a child, arguing the trial court erred in failing to require the State to elect which acts it relied upon to convict him. We reverse these two convictions and remand for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complainant in this case is K.R., who was thirteen years old at the time of trial. Appellant married K.R.'s mother in 1998, and the family lived together in Illinois. According to K.R.'s testimony, while in Illinois, appellant approached K.R., who was nine years old at the time, about taking nude photographs of her, and after taking the photographs, appellant performed oral sex on K.R. The sexual activity escalated when the family moved to Texas. During her testimony, K.R. described in detail four incidents in which appellant performed oral sex on her, beginning shortly after the family moved to Houston in the summer of 2001, and continuing over the course of several months. K.R. also testified that appellant would digitally penetrate her vagina "every chance he got," but she did not provide specific details about these incidents other than that they occurred when her mother and younger sister were in another room.

Appellant was charged in three indictments, one containing a single allegation of aggravated sexual assault of a child (cause number 941488), another containing two allegations of aggravated sexual assault of a child (cause number 918716),[1] and the third containing one allegation of indecency with a child (cause number 919035) involving one of K.R.'s younger sisters. See TEX. PEN.CODE §§ 21.11, 22.021(a)(1)(B) (Vernon 2003). At the close of all of the evidence, during the charge conference, appellant requested the trial court to require the State to make an election of which incidents of oral sex and digital penetration it would rely upon to prove the aggravated sexual assault charges in cause numbers 941488 and 918716. The trial court denied the request. Appellant renewed his request for an election during the punishment phase, and the trial court again denied the request.

---

1. During the charge conference, the State abandoned the paragraph alleging oral sex and proceeded only on allegations of digital penetration for cause number 918716.

The jury found appellant guilty on all counts and assessed punishment at thirty years' imprisonment in the Texas Department of Criminal Justice, Institutional Division for each of cause numbers 941488 and 918716 and twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division for indecency with a child.[2] The court ordered all three sentences to be served consecutively.

## II. Issues Presented

In two issues, appellant contends the trial court committed reversible error when it failed to require the State to elect the acts upon which it was relying to convict appellant of aggravated sexual assault of a child.

---

2. Appellant does not assert any complaints on appeal regarding his conviction in cause number 919035 for indecency with a child.

3. The State claims appellant's request for election was not timely. The State argues that Texas Code of Criminal Procedure article 38.37 allows the admission of evidence of other crimes, wrongs, or acts for its bearing on relevant matters such as the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child. *See* Tex.Code Crim. Proc. Ann. art. 38.37 (Vernon Pamph.2004). The State posits that had appellant requested a limiting instruction on extraneous offenses when the evidence was introduced, the jury would have been put on notice as to the acts upon which the State was relying for conviction. We find this reasoning unpersuasive. The State's logic is contrary to the rule established in *O'Neal*. Although the State points out that article 38.37 was enacted after *O'Neal*, our court recently reaffirmed the rule articulated in *O'Neal* that, once the State rests its case in chief, a defendant's timely request for election must be granted. *Phillips*, 130 S.W.3d at 349 (citing *O'Neal*, 746 S.W.2d at 772). Therefore, regardless of whether appellant requested a limiting instruction on extraneous offenses, appellant's request for election was timely. *See O'Neal*, 746 S.W.2d at 772; *Phillips*, 130 S.W.3d at 349–50.

## III. Analysis and Discussion

### A. Did the trial court err by failing to require the State to make an election upon appellant's request?

The general rule is when "one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction." *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim.App.1988). Before the State rests, the trial court has discretion in directing the State to make an election. *Phillips v. State*, 130 S.W.3d 343, 349 (Tex.App.-Houston [14th Dist.] 2004, pet. filed). Once the State rests its case in chief, upon a timely request by the defendant, the trial court must order the State to make an election and failure to do so is error. *Id.* (citing *O'Neal*, 746 S.W.2d at 772).[3]

Although the State does not raise the issue, at least one court of appeals has found a motion for election to be untimely when the defendant requested election for the first time during the jury charge conference. *See Gutierrez v. State*, 8 S.W.3d 739, 748 (Tex.App.-Austin 1999, no pet.). The court reasoned that the motion came too late because the defendant could no longer take advantage of the benefits of election, namely providing him with notice of the acts that he would be called upon to defend against during his case-in-chief. *See id.* Our court in *Phillips* identified two other reasons for requiring election in addition to providing notice to the defendant: (1) to ensure a unanimous verdict, and (2) because the jury might tend to convict, not because it found beyond a reasonable doubt that each of the offenses was committed, but because it was convinced of guilt due to the number of alleged incidents. *See Phillips*, 130 S.W.3d at 351. Both of these possible reasons for election existed at the time appellant made his request to the trial court during the jury charge conference. Moreover, the reason for wanting the election does not matter. *Id.* at 350. For the State to be required to elect, the defendant need only make a timely request once the State rests its case in chief. *See id.* As a result, based on these reasons, we find appellant's request in this case timely.

During the charge conference, prior to closing argument, appellant requested that the trial court require the State to make its election with regard to the aggravated sexual assault allegations and the trial court denied this request.[4] The State contends the jury charges themselves constituted *de facto* elections because the jury was limited to a specific date in each charge[5] and received a limiting instruction regarding evidence of extraneous offenses occurring on dates other than the dates on which the offenses alleged in the indictments occurred.[6]

■ As to the dates in the jury charges, the State overlooks the fact that the jury charges also instructed the jury that the State was not bound by the dates that the State claims constituted *de facto* elections.[7] Further, the trial court also instructed the jury that it could convict appellant based on proof beyond a reasonable doubt that the offense was committed at any time.[8] Therefore, for the purposes of determining

---

4. The record reads, in pertinent part:

    **Defense Counsel:** Yes, Judge. I believe that the—since there was testimony that both 941488 and 918716 involved the person known as [K.R.]—and, Judge, they alleged two separate dates, one January 15, 2002, the other indictment was May 15, 2002. I would allege, Judge, because of the testimony, [K.R.] was saying several times that there were many and multiple acts of both digital penetration and oral sex between herself and the defendant, it became unclear. She was asked how far back it went. She gave a date. My objection is I'm asking the Court to direct the State to make an election pursuant to *Crawford v. State*, 696 S.W.2d 903, and Scroggins versus State 799, 769 Texas Court of Criminal Appeals.
    **Court:** Be denied.

5. In pertinent part, the charges in trial cause numbers 918716 and 941488 are identical except for the dates (May 15, 2002 and January 15, 2002, respectively) and the offenses (digital penetration and oral sex, respectively). Otherwise, the language in both jury charges provides:

    Now, if you find from the evidence beyond a reasonable doubt that on or about the [date alleged in the indictment], in Harris County, Texas, the defendant, Henry Daniel Farr, did then and there unlawfully, intentionally or knowingly cause [the offense alleged in the indictment], then you will find the defendant guilty as charged in the indictment.

6. Both charges contain the following instruction:

    You are further instructed that if there is any evidence before you in this case regard-

ing the defendant's committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and even then you may only consider the same in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

7. Both charges also contain the following instruction:

    You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had upon proof beyond a reasonable doubt that the offense, if any, was committed at any time within the period of limitations. The limitation period applicable to the offense of aggravated sexual assault of a child is ten years from the date of the 18th birthday of the victim of the offense.

8. Each charge instructed the jury that it could convict appellant based on proof beyond a reasonable doubt that the offense was committed at any time up until the complainant's 28th birthday; however, because the complainant was only thirteen years old at the time of trial, this was equivalent to stating that the jury could convict appellant based on proof beyond a reasonable doubt that the offense was committed at any time.

appellant's guilt or innocence of the indicted offenses, the jury charges did not limit the jury's consideration to appellant's conduct on any specific date.

■ As to the limiting instruction regarding evidence of extraneous offenses, contrary to the State's argument, this instruction makes no reference to appellant's conduct on "other dates." Rather, this instruction addresses how the jury should consider evidence of appellant's having committed offenses other than those charged in the indictments in this case, regardless of the dates on which any such extraneous offenses may have occurred. This instruction does not specify which instances of sexual contact are charged in the indictments and which are not, and this instruction provides no means for the jury to make this determination. In sum, the extraneous-offense instruction does not clarify for the jury which of the alleged offenses the State is relying upon for conviction. *See Phillips*, 130 S.W.3d at 353 n. 11 (noting same). Therefore, we conclude that the trial court's charges in cause numbers 941488 and 918716 were not sufficient to constitute effective elections.

■ By not requiring the State to make an election upon appellant's timely request, the trial court committed error in this case.[9] We must next determine whether this error was harmless.

**B. Was the trial court's error harmless?**

■ In *Phillips*, this court concluded that an appellant's right to require the State to elect is a right of constitutional proportions and, therefore, should be reviewed under a harmless error review for

constitutional error. *Phillips*, 130 S.W.3d at 352. Under Texas Rule of Appellate Procedure 44.2(a), we must reverse unless we find beyond a reasonable doubt that the error did not contribute to the conviction. *See* Tex.R.App. P. 44.2(a). The error is not harmful if the evidence clearly indicates which specific incident the State was relying on for conviction. *See Phillips*, 130 S.W.3d at 352.

■ With regard to the offense of aggravated sexual assault of a child by oral sex (cause number 941488), it is unclear from the testimony which incident the jury may have relied upon to convict. Specific details of at least four incidents of oral sex in the family's Houston apartment were presented. K.R. described what happened during each incident and where in the apartment each took place. She provided a general time line of when the events occurred, sometimes indicating her age and grade in school, the time of year the incident took place, or the approximate amount of time that had passed since the previous incident. During its closing argument, the State chose to focus a significant portion of the argument on the nude photographs appellant took of K.R. while the family lived in Illinois, addressing only generally the incidents occurring in Houston to which K.R. testified. Thus, the offense of oral sex was described in detail more than once, potentially allowing the jury to convict because some of the jurors relied upon one incident and others relied upon another. *See Phillips*, 130 S.W.3d at 353–54. Under these circumstances, we cannot say beyond a reasonable doubt that

---

9. An exception to the election requirement exists when several acts of intercourse were committed by one continuous act of force and threats and are part of the same criminal transaction. *O'Neal*, 746 S.W.2d at 771. However, the State does not contend that the exception to the election requirement applies in this case, and we see no basis for its application. *See id.* at 770–72 (stating exception did not apply in case in which complainant testified appellant had been having sexual intercourse with complainant for several years).

the error did not contribute to the conviction. *See* TEX.R.APP. P. 44.2(a).

 The second offense—digital penetration of the female sexual organ (cause number 918716)—presents a different situation. K.R. testified only generally about incidents involving this type of penetration, stating appellant would penetrate her with his finger "every chance he got" and that these incidents occurred when her mother and her sister were in other rooms of the apartment. She could not recall how many times these incidents occurred, but stated that they did not occur in connection with the incidents of oral sex. During her testimony, K.R. described the day on which she told her mother that appellant had sexually assaulted her. She stated she had just returned from swimming and she believed her sister saw appellant touching her; however, it is unclear from either her testimony or her sister's testimony whether appellant was committing the offense of digital penetration. Her sister only testified that appellant was "leaning over [K.R.] very, very close when [K.R.] was washing the dishes.... And his hands were kind of moving up toward her breasts...."

Unlike *O'Neal* and *Phillips*, this case does not present a situation in which the complainant gave a detailed account of one sexual act in addition to testifying that it occurred on a regular basis, thus making clear which act the State would be relying upon for conviction. *See O'Neal*, 746 S.W.2d at 772–73; *Phillips*, 130 S.W.3d at 354–55; *see also Wilson v. State*, 3 S.W.3d 223, 226–27 (Tex.App.-Waco 1999, pet. ref'd) (distinguishing *O'Neal* because evidence pointed to two particular incidents for which the jury could have found appellant guilty). General statements of repeated occurrences may support a conviction. *See Rodriguez v. State*, 104 S.W.3d 87, 91 (Tex.Crim.App.2003) (holding testimony that defendant delivered cocaine "maybe 20 or 30 times" was sufficient to support conviction). In this case, because a specific incident was not described but rather only general statements were made as to digital penetration, we cannot say beyond a reasonable doubt that the error did not contribute to the conviction. *See* TEX.R.APP. P. 44.2(a).

Accordingly, we sustain appellant's issues on appeal regarding cause numbers 941488 and 918716, reverse those two convictions, and remand those cases to the trial court for a new trial. As to appellant's conviction for indecency with a child (cause number 919035), appellant has not raised any issues on appeal regarding this conviction and we, therefore, affirm the trial court's judgment in that case.