Reversed and Remanded and Majority, Concurring, and Dissenting Opinions
filed July 21, 2005









Reversed and Remanded and Majority, Concurring, and
Dissenting Opinions filed July 21, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01259-CR

____________

 

ANTHONY DIXON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 43,408

 



 

M A J O R I T Y    O P I N I O N

Appellant Anthony Dixon was charged by
indictment with aggravated sexual assault of a child.  The jury returned a guilty verdict and
assessed punishment at thirty-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In four points of error, appellant contends:
(1) the trial court erred by failing to require the State to elect a specific
act it would rely upon for conviction; (2) the evidence is legally insufficient
to support the conviction; (3) the trial court erred by failing to grant his
special requested charge; and (4) the trial court erred by failing to grant a
mistrial because of improper prosecutorial argument.  We reverse and remand.     








I. 
FAILURE TO REQUIRE AN ELECTION

In his first point of error, appellant
contends the trial court erred when it failed to require the State to elect a
specific act it would rely upon for the indicted offense.  Specifically, appellant argues this error
denied him of his right to have a unanimous jury verdict.  The record reflects the trial court did not
require the State to make an election.[1]  Appellant moved for an election at various
stages of the trial, including at the resting of the State=s case in chief,
and at the closing of all the evidence.[2]  But the court ultimately denied the relief.

A.      Was
Appellant Entitled to an Election?

The general rule is, Awhere one act of
intercourse is alleged in the indictment and more than one act of intercourse
is shown by the evidence in a sexual assault trial, the State must elect
the act upon which it would rely for conviction.@  O=Neal v. State, 746 S.W.2d 769,
771 (Tex. Crim. App. 1988).  Before the
State rests, the trial court has discretion in directing the State to make an
election.  See id. at 771B72.  AHowever, once the
State rests its case in chief, in the face of a timely request by the
defendant, the trial court must  [emphasis added] order the State to make its
election.  Failure to do so constitutes
error.@  Id. at 772.[3]








Here, appellant was indicted for
aggravated sexual assault of a child younger than fourteen years of age.  Specifically, the indictment alleged
appellant committed aggravated sexual assault of a child by causing his sexual
organ to contact the sexual organ of the complainant.  During the State=s case in chief,
the complainant, E.M., testified appellant, her uncle, periodically resided at
her mother=s apartment and shared a bedroom with the complainant.  Appellant slept on a couch in her bedroom
while she slept in her bed.  E.M.
testified that while she slept, appellant would get into her bed, remove his
clothes as well as hers, and cause his sexual organ to contact her sexual
organ.   

During the State=s case in chief,
the State asked E.M. if she remembered how many times this happened.  She said it happened Aone-hundred times.@  E.M. testified it happened every night that
appellant stayed at her home and Aonly one time in
the day time.@ 
The State presented evidence that six stains on E.M.=s bed comforter
tested positive for the presence of semen, and Dr. Sheila Lahoti, who examined
E.M., testified that she believed there were multiple incidents of vaginal
trauma.  During closing argument, the
State argued that because of E.M.=s youth, she did
not really know the exact number of times appellant committed this offense;
however, the State argued E.M.=s testimony of Aone-hundred times@ really meant Ait happened a
bunch of times.@     


Based on E.M.=s testimony, more
than one act of sexual contact was shown by the evidence, but only one act of
contact was alleged in the indictment. 
Because appellant moved for an election at the close of the State=s case in chief,
failure of the trial court to order the State to make an election constitutes
error.  O=Neal, 746 S.W.2d at
772.  

B.      Was
the Error Harmful ? 

Appellant contends the trial court=s denial of his
timely motion to elect effectively denied his right to have a unanimous
verdict.   








The appellant=s right to require
the State to elect is a right of constitutional proportions.  Phillips, 130 S.W.3d at 352.  This court has held that when the reason
underlying the election requirement is unanimity, the error is constitutional
in nature.[4]  Id. at 351B52. 

Where the appellate record in a criminal
case reveals constitutional error that is subject to harmless error review, the
court of appeals must reverse a judgment of conviction or punishment
unless the court determines beyond a reasonable doubt the error did not
contribute to the conviction or punishment. 
Tex. R. App. P. 44.2(a).  A constitutional error within the meaning
of Rule 44.2(a) is an error that directly offends the United States or Texas
Constitution, without regard to any applicable statute or rule.  Durham v. State, 153 S.W.3d 289, 292
(Tex. App.CBeaumont 2004, no pet.) (citing Tate v.
State, 988 S.W.2d 887, 890 (Tex. App.CAustin 1999, pet.
ref=d). 

The O=Neal court was faced
with facts similar to those in the case at bar in that the State was not,
despite repeated motions,  required to
elect which sexual assault it would rely upon for conviction until the close of
all the evidence.  However, in O=Neal, the trial court=s failure to
require the State to make a timely election as to the offense upon which
it sought conviction was held to be harmless because even though many instances
of improper conduct were described, the focus was on one sexual assault that
occurred on April 24, 1984.  Both the
complainant and her stepsister testified in detail about the events of that
evening; thus, by the close of the State=s case, it was
clear that the act upon which the State would rely for conviction occurred on
April 24, 1984.  746 S.W.2d at 772.  Accordingly, the O=Neal court held the
delayed election was error, but in the context of the trial, it was harmless
error.  Id. at 773.








Here, the State was never required to make
an election, and the record did not provide appellant with notice of which
assault it would rely upon for conviction, so the harmless error analysis in O=Neal is not
applicable.  The indictment in this case
charged the commission of an offense on or about July 4, 2002.  The jury charge contained an application
paragraph allowing conviction if the jury found beyond a reasonable doubt the
defendant committed the offense on or about July 4, 2002.  The charge also advised the jury that the
State was not required to prove the offense occurred on the exact date alleged
in the indictment, but was allowed to prove the offense to have been committed
any time prior to the filing of the indictment so long as the offense
occurred within ten years of the filing of the indictment, which was filed
October 10, 2002.  Thus, the jury was
allowed to convict appellant upon evidence sufficient to meet the
beyond-a-reasonable-doubt standard, for any offense after October 1992 and
before October 10, 2002.[5]

The complainant=s testimony
referred to numerous assaults by appellant during the night, but only one that
occurred during the day.  There was a
specific date in the indictment, July 4, 2002, which was repeated in the
application paragraph of the jury charge. 
There was, however, no testimony regarding a specific assault on any
particular date.  The State could have
easily elected an offense upon which it would rely for conviction.  However, all of appellant=s motions to
require the State to elect an offense were denied.  The State proved that the assaults occurred,
but no one date was emphasized.  Given
the broad spectrum of choices available to the jurors, some may have selected a
nighttime offense, while others may have chosen the daytime assault.  Accordingly, the jury was capable of
returning less than an unanimous verdict. 









We cannot conclude beyond a reasonable
doubt the trial court=s failure to require the State to elect
the act upon which it would rely for conviction did not contribute to appellant=s conviction.  Thus, the trial court=s error was
harmful, and we sustain appellant=s first point of
error.








Apparently ignoring the harm analyses in
this court=s recent opinions in Phillips
and  Farr v. State, 140 S.W.3d 895
(Tex. App.CHouston [14th Dist.] 2004, pet. granted),
the dissent would hold the trial court=s error harmless.[6]  In Phillips, where multiple offenses
were charged in the indictment, this court held that, as to two of the indicted
offenses, the trial court=s refusal to require the State to make an
election allowed the jury to reach a non-unanimous verdict, a constitutional
error that harmed appellant resulting in a reversal of those convictions and
remand of those cases for a new trial. 
130 S.W. 3d at 358.  The court
also noted in Phillips that A>[n]o principle of
procedural due process is more clearly established than that notice of the
specific charge, and a chance to be heard in a trial of the issues raised by
that charge, if desired, are among the constitutional rights of every accused
in a criminal proceeding in all courts, state or federal.=@  Id. at 351 (quoting Cole v.
Arkansas, 333 U.S. 196, 201 (1948)). 
This court reached the same conclusion in Farr.  There, this court held that where the sexual
assault was described in detail more than once, but no specific incident was
described, the jury was potentially allowed to reach a non-unanimous verdict
and the trial court=s error was harmful under Texas Rule of
Appellate Procedure 44.2(a).  This court
reversed the conviction in two cause numbers and remanded them for a new
trial.  140 S.W.3d at 900.  We are bound by these precedents, and so,
too, is the dissent.

II.  Legal Sufficiency

In his second point of error, appellant
argues the evidence is legally insufficient because no evidence was properly
before the jury upon which it could base a conviction.  Appellant contends that since there was no
election, the jury charge instruction limiting the jury=s consideration of
the extraneous offenses applied to all the evidence admitted, including
evidence of the indicted offense.  

In a legal sufficiency review, we view all
of the evidence in the light most favorable to the verdict and then
determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979).  Sufficiency of the evidence
is measured by the hypothetically correct jury charge for the case; a charge
that accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State=s burden of proof or unnecessarily
restrict the State=s theories of liability, and adequately
describes the particular offense for which the defendant was tried.  Malik v. State, 953 S.W.2d 234, 239B40 (Tex. Crim.
App. 1997).  This standard Aensures that a
judgment of acquittal is reserved for those situations in which there is an
actual failure in the State=s proof of the
crime rather than a mere error in the jury charge submitted.@  Id. at 240.  We presume any conflicting inferences from
the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Jensen v.
State, 66 S.W.3d 528, 533 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). The testimony of a victim standing
alone is sufficient to support a conviction for sexual assault.  Id. at 534. 








In this case, the jury charge accurately defined
the elements of the offense of 
aggravated sexual assault of a child. 
See Tex. Pen. Code Ann.
'  22.021(a)(1)(B)(i), (iii) (Vernon Supp.
2005).  Viewing all of the evidence in
the light most favorable to the verdict, we find a rational trier of fact could
have found the essential elements of the offense of aggravated sexual assault
of a child as alleged in the indictment. 
The evidence supporting the verdict includes the complainant=s testimony that
appellant would get in her bed while she was asleep, take off his and her
clothes, and cause his sexual organ to contact her sexual organ; the
complainant testified this occurred Aone hundred@ times.  The State presented evidence of semen stains
on the complainant=s comforter, and Dr. Lahoti testified the
complainant had vaginal trauma.  The
evidence also established the complainant was younger than 14 years of age and
was not married to appellant.  

In this case, there is no failure of the
State=s proof of the
crime alleged.  The harm to appellant
occurred because of the possibility that not every member of the jury found
appellant guilty of the same crime. 
Theoretically, each juror could have found appellant guilty of a
separate offense that occurred Aon or about July
4, 2002.@  The jury instruction with an extraneous
offense charge did not modify the evidence presented to the jury.[7]  Viewing the evidence in the light most
favorable to the verdict, we find a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Appellant=s second point of
error is overruled.

III. 
Other Issues

Appellant=s third point
complains the trial court erred in refusing to incorporate a charge limiting
the jury=s consideration to
one case for the purpose of a conviction. 
Appellant acknowledges in his brief this issue was brought up in his
discussion of his motion to elect. 
Because we have sustained appellant=s first point of
error based on the trial court=s failure to
require the State to make an election as to the offense for which it would rely
for a conviction, we need not address this collateral issue.








Appellant=s fourth point
complains of the trial court=s failure to grant
a mistrial based on allegedly improper jury argument by the State at the
punishment hearing.  We do not address
this issue because we are remanding for a new trial.

Accordingly, we overrules points of error
three and four.

CONCLUSION

We have determined the trial court
committed reversible error when it failed to require the State to make an
election as to which offense identified by the evidence it would rely upon for
a conviction.  Accordingly, we reverse
the judgment of the trial court, and remand the case for a new trial.

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Majority, Concurring, and Dissenting Opinions filed July 21, 2005.

 

Panel
consists of Justices Anderson, Hudson, and Frost.  (Frost, J., concurring.) (Hudson, J., dissenting.)

 

Publish
C Tex. R. App. P. 47.2(b).

 

 











[1]  The State argues it made an
election.  After the State=s case in chief, appellant moved to
require the State to elect.  Outside the
presence of the jury, the State said they were relying on the events that
occurred on July 4, 2002.  The trial
court refused appellant=s request to incorporate the
election in the jury charge.  The State
contends the specific date in the charge and the limiting instruction regarding
evidence of extraneous offenses negated the need for an election, or in the
alternative, caused appellant no harm. 
We disagree.  The application paragraph in the jury charge was not
limited to an event on July 4, 2002.  By
its language, the charge permitted the jury to convict for any offense proved
to have been committed within the ten year period prior to the filing of the
indictment.  We cannot hold the date of
July 4, 2002 in the application paragraph, as modified by the limitations
paragraph immediately preceding it, constituted an election contemplated by O=Neal v. State,
746 S.W.2d 769, 771 (Tex. Crim. App. 1998).





[2]   Thus,
appellant preserved error by his motion to require election.  O=Neal, 746 S.W.2d at 771 n.3.  





[3]  Case law has
given four reasons for this rule: (1) to protect the accused from the
introduction of extraneous evidence; (2) to minimize the risk of the jury
choosing to convict based on all of the allegations together; (3) to ensure
unanimous verdicts; and (4) to give the defendant notice of the particular
offense the State intends to rely upon for prosecution and afford the defendant
an opportunity to defend.  See
Phillips v. State, 130 S.W.3d 343, 349 (Tex. App.CHouston [14th Dist.] 2004, State=s pet. granted; appellant=s pet. ref=d.).





[4]  Texas law
requires unanimous verdicts in felony criminal cases.  Midence v. State, 108 S.W.3d 564, 565
(Tex. App.CHouston [14th Dist.] 2003, no pet.) (citing Tex. Const. art. V, ' 13, Tex. Code
Crim. Proc. Ann. art. 36.29, and Kitchens v. State, 823 S.W.2d
256, 258 (Tex. Crim. App. 1991)).





[5]  The wide
latitude in offense dates upon which the jury could convict based on the
limitations language in the charge was emphasized by the State in its closing
argument as follows:

 

Young children are inexperienced and you know that,
but they don=t get dates.  So
what the law says is, AThat=s fine, just within 10-years of indicting this man,
you=ve got to prove that it happened.@  She is only
6.  The State has proven the date.





[6]  If wishes were
horses, beggars would ride.  The dissent
would hold the trial court=s refusal to grant appellant=s request for an election as to the offense upon which
conviction was sought was error, but harmless because the error is Apurely technical,@ and the
Aharm espoused by [appellant] is absolutely
theoretical.@  The dissent is
not, however, writing on a clean slate; indeed, the dissent=s position has no supporting authority, and conflicts
with opinions from this court.  We have
relied, in part, on O=Neal where
the court held the trial court=s refusal to grant appellant=s election request until the close of all the evidence
was error, but harmless error because the evidence provided notice to the
appellant of the act of intercourse the State would rely upon for
conviction.  746 S.W.2d at 772B73.  No such
specific evidence was presented here, and, because the record here did not
provide Dixon with notice of the act the State would rely upon for conviction,
the dissent may not base it=s position on the harmless error analysis in O=Neal.  Using the dissent=s analysis, Dixon was exposed to the risk the jury
might choose to convict, not because one or more crimes were proven beyond a
reasonable doubt, but because all of them together convinced the jury the
defendant was guilty.  Phillips,
130 S.W3d at 349.  The dissent describes
the risk of conviction based on evidence of multiple crimes not meeting the
beyond-a-reasonable-doubt threshold as one of the Alaudable reasons for the rule requiring an election by
the State,@ but cavalierly discards the risk as purely Atheoretical.@





[7]  In Rodriguez,
the court held a minor=s testimony that appellant delivered cocaine to her Amaybe 20 or 30 times@ during
the nine-month period preceding the date alleged in the indictment was not
evidence of extraneous offenses.  Rodriguez
v. State, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003).