Reversed and Remanded and Majority, Concurring, and Dissenting Opinions
filed July 21, 2005









Reversed and Remanded and Majority, Concurring, and
Dissenting Opinions filed July 21, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01259-CR

____________

 

ANTHONY
DIXON,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

____________________________________________________________

 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 43,408

____________________________________________________________

 

C O N C U R R I N G    O P I N I O N








The majority opinion is correct
in its application of current case law and precedent.  According to Phillips, the State=s refusal
to elect one episode of sexual assault and the trial court=s failure
to require the State to do so is error of constitutional magnitude, requiring a
constitutional harm analysis under Texas Rule of Appellate Procedure
44.1(a).  Phillips v. State, 130
S.W.3d 343, 351 (Tex. App.CHouston
[14th Dist.] 2004, State=s pet.
granted; appellant=s pet.
ref=d).  The majority opinion correctly applies the
constitutional error standard and correctly concludes the error is harmful
because the evidence describes general statements of sexual assault rather than
one specific incident, allowing for a non-unanimous verdict.  Farr v. State, 140 S.W.3d 895, 901 (Tex.
App.CHouston
[14th Dist.] 2004, pet. granted).

However, there is currently a
conflict in the courts of appeals as to whether to apply a constitutional or
non-constitutional harm analysis.  Compare
Phillips, 130 S.W.3d at 351 (applying constitutional harm analysis) with
Wilson v. State, 3 S.W.3d 223, 226 (Tex. App.CWaco
1999, pet. ref=d) (applying non-constitutional
harm analysis), and Cates v. State, 72 S.W.3d 681, 696-97 (Tex. App.CTyler
2001, no pet.) (adopting non-constitutional analysis based on Wilson).  The Court of Criminal Appeals has recently
decided to review Phillips and Farr with the likely goal of
resolving the conflict among the courts of appeals. In the case at bar,
however, even a non-constitutional error analysis shows that the error is
harmful to appellant and therefore warrants a new trial.

Non-constitutional errors are to
be disregarded unless they affect substantial rights.  Tex.
R. App. P. 44.2(b).  An error
affects a substantial right when the error had a substantial and injurious
effect or influence in determining the jury's verdict.  King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997).  In Johnson v.
State, 43 S.W.3d 1, (Tex. Crim. App. 2001), the Court of Criminal Appeals
explained the non-constitutional harm analysis, stating:

If, when all is said and
done, the conviction is sure [sic] that the error did not influence the jury,
or had but very slight effect, the verdict and the judgment should stand . . .
[b]ut if one cannot say, with fair assurance . . . that the judgment was not
substantially swayed by the error, it is impossible to conclude that
substantial rights were not affected. The inquiry . . . is rather, even so,
whether the error itself had substantial influence. If so, or if one is left in
grave doubt, the conviction cannot stand.








Johnson, 43
S.W.3d at 4 (quotations omitted).  Our
state constitution requires unanimity in all felony trials.  See Tex.
Const. art. V, ' 13.  A unanimous jury verdict ensures that the
jury agrees on the facts underlying an offense and not merely on the violation
of a statute.  Francis v. State,
36 S.W.3d 121, 125 (Tex. Crim. App. 2000). 
The unanimity requirement is not met when a jury risks convicting the
defendant on different acts instead of agreeing on the same act for conviction.
 Id. 

The Waco
Court of Appeals conducted a non-constitutional harm analysis on nearly
identical facts in Wilson. Wilson, 3 S.W.3d at 226.  In that case, the State=s
evidence focused on two specific incidents of sexual assault for which the jury
could have convicted the defendant and other general statements of abuse from
the complainant for which the jury also could have convicted the defendant.  Id. at 227.  The Wilson court held that the failure
to elect a specific offense led to a potential lack of unanimity in the
verdict.  See id.  Consequently, the failure to elect had Amore than
a slight influence on the verdict@ and
affected the defendant=s rights
sufficiently to require a new trial.  Id;
but see Cates, 72 S.W.3d at 696-97 (holding failure to elect with
indistinct complainant testimony was harmless, without considering unanimity
requirement). 

The facts
in the instant case present the error more succinctly.  Due to the high number of incidents described
by the complainant, each juror could have chosen to convict appellant based on
a separate incident.  The possibility
that the jury convicted appellant without agreeing on a specific instance of
criminal conduct had Amore than
a slight influence@ on the
verdict.  Under this court=s
precedent, failure to elect is constitutional error and the majority opinion
correctly applies the harm analysis for constitutional error.  Nevertheless, a failure to elect among
multiple episodes of conduct warrants a new trial even under a
non-constitutional harm analysis. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Majority, Concurring, and Dissenting Opinions filed July 21, 2005.

Panel consists of Justices
Anderson, Hudson, and Frost.  (Anderson,
J., majority.)  (Hudson, J., dissenting.)

 

Publish C Tex. R. App. P. 47.2(b).