**Marcus Stephen FLECK, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00798–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 15, 2006.

Dan McCrory, Houston, for appellants.

Belinda Johnson Chagnard, Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Marcus Stephen Fleck, appeals his conviction for aggravated sexual assault of a child. In eight issues, appellant contends the trial court erred by refusing to require the State to elect the act of sexual assault it would rely upon for conviction, denying his motion to recuse, failing to submit a reasonable-doubt instruction regarding extraneous offenses during the punishment phase, admitting certain evidence during the punishment phase, and that the evidence is legally and factually insufficient to support his conviction. Because the trial court erred by refusing to require the State to elect the act of sexual assault it would rely upon for conviction, we reverse and remand.

### I. BACKGROUND

Appellant is the complainant's biological father. The complainant, thirteen years old at the time of trial, testified regarding five acts the State characterized as sexual assault in its opening and closing arguments. Each act occurred when the complainant was eleven years old. With respect to the first act, the complainant stated that she was playing "tickle monster" on the stairs with appellant when he took off her pants and began "sucking on [the complainant's] vagina." The complainant's description of the second act was substantially the same as the first, but the second incident occurred at a later, unspecified date. The third act occurred in the complainant's room, right after she exited the shower. Appellant entered the room, got down on his knees, and began to pull her pants down. The complainant told him "no," and appellant called her a "bitch" and left the room. The fourth and fifth acts described by the complainant were substantially the same as the first two acts. However, the fourth

act occurred in a hallway, and the fifth act occurred on a couch while she was watching television with appellant. In addition, with respect to the fourth and fifth acts, the complainant could not recall the events leading up to the sexual contact.

After the close of all evidence, appellant asked the trial court to require the State to elect the act upon which it would rely for conviction. The trial court denied the request. A jury found appellant guilty of aggravated sexual assault of a child and assessed punishment at twenty-five years' imprisonment.

### II. MANDATORY ELECTION

■ Appellant's sixth issue is dispositive; therefore, we will consider only that issue. In his sixth issue, appellant contends that the trial court erred by refusing to order the State to elect which act of sexual assault it would rely upon for conviction.

■ If one act of sexual assault is alleged in the indictment, but more than one act is shown by the evidence at trial, "the State must elect the act upon which it would rely for conviction." *See O'Neal v. State*, 746 S.W.2d 769, 771 (Tex.Crim.App. 1988). After the state rests its case-in-chief, the trial court must order the State to make an election upon timely request by the defendant. *Id.* at 772; *Phillips v. State*, 130 S.W.3d 343, 349 (Tex.App.-Houston [14th Dist.] 2004), *aff'd* 193 S.W.3d 904 (Tex.Crim.App.2006). The election is required to (1) protect the accused from the introduction of extraneous evidence, (2) minimize the risk that the jury might convict, not because one crime was proved beyond a reasonable doubt, but because the crimes together convinced the jury of the defendant's guilt, (3) ensure unanimous jury verdicts, and (4) give the defendant notice of the particular offense the State intends to rely upon for prosecu-

tion. *Phillips*, 130 S.W.3d at 349 (citations omitted).

Here, appellant was indicted for a single act of sexual assault—oral-genital contact occurring on or about February 15, 2003. However, more than one act of oral-genital contact was shown by the evidence. Appellant asked the court to order the State to make an election after the close of all evidence. The request was timely "insofar as he was entitled to a unanimous jury verdict." *See Phillips v. State*, 193 S.W.3d 904, 912 (Tex.Crim.App.2006). Therefore, the trial court erred by failing to require the State to elect.[1] *See id.*

### III. Harm Analysis

 The failure to require an election upon timely request is constitutional error. *Id.* at 914. When error is constitutional, we must reverse unless we find beyond a reasonable doubt that the error did not contribute to the conviction or had but a slight effect. *Id.; see* Tex.R.App. P. 44.2(a).

Here, it is not clear which act the State intended to rely upon for conviction. *Cf. O'Neal*, 746 S.W.2d at 772–73 (finding harmless error because by the close of the State's case, the act upon which the State would rely for conviction was clearly indicated). The complainant detailed five separate acts of alleged "sexual assault." The acts were distinguishable by time, place, and other details, such as the clothing worn by the complainant and differences in appellant's position. One act did not involve oral-genital contact. Nonetheless, the State lumped all five acts together under the label of "sexual assault" and recounted each act in its closing argument.

The State argues that the error did not contribute to the conviction because there "was no difference in the credibility of the testimony proving each instance of molestation," and appellant's defense—that the complainant's allegations were fabricated—was the same for all incidents. *See, e.g., Martinez v. State*, 190 S.W.3d 254, 259–62 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd) (finding no egregious harm when the charge allowed conviction upon a disjunctive finding because the evidence for both incidents was presented similarly and the defendant's defense was the same as to both offenses). However, here, there was conflicting evidence concerning the acts, and thus there were credibility issues for the jury to resolve regarding the complainant's testimony.

For example, the complainant's mother testified that the complainant first told her there were five acts but subsequently told her there were seven. She further testified that she did not question the complainant extensively about the details of each act, but the complainant told her the last act occurred in the complainant's room in February or March of 2003. In contrast, according to the complainant, the last act occurred on a couch while she was watching television with appellant. The act the complainant described as taking place in her room involved no oral-genital contact.

Further, the pediatrician who examined the complainant testified that the complainant told her there were "about three"

---

1. Although the indictment designated a single date on which the offense occurred, the jury was also instructed that "the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed ..." *See Phillips*, 193 S.W.3d at 912 (rejecting the argument that a valid jury charge serves as a de facto election); *Farr v. State*, 140 S.W.3d 895, 899–900 (Tex. App.-Houston [14th Dist.] 2004), *aff'd sub nom. Phillips v. State*, 193 S.W.3d 904 (Tex. Crim.App.2006) (because the charge also instructed the jury that the State was not bound by the specific date alleged in the indictment, "for the purposes of determining appellant's guilt or innocence ... the jury charges did not limit the jury's consideration to appellant's conduct on any specific date").

acts that all occurred in April of 2003. The pediatrician did not elicit further detail from the complainant about the location or time frame of the acts.

Because five acts were described in detail, and the evidence as to each act was conflicting, some jurors could have relied upon one incident for conviction, while others could have relied upon another. *See Farr v. State,* 140 S.W.3d 895, 900–01 (Tex. App.-Houston [14th Dist.] 2004), *aff'd sub nom. Phillips v. State,* 193 S.W.3d 904 (Tex.Crim.App.2006); *Phillips,* 130 S.W.3d at 353–54. Therefore, we cannot conclude beyond a reasonable doubt that the error did not contribute to the conviction. *See Farr,* 140 S.W.3d at 900–01; *Phillips,* 130 S.W.3d at 353–54.

Accordingly, we sustain appellant's sixth issue.[2] We reverse the judgment of the trial court and remand for a new trial.

---

**2.** Because we sustain appellant's sixth issue, we do not reach appellant's factual sufficiency claim, or appellant's contentions that the trial court erred by denying his motion to recuse, failing to submit a reasonable-doubt instruction regarding extraneous offenses during the punishment phase, and admitting certain evidence during the punishment phase. Further, because the State did not elect which incident it would rely upon for conviction, we are unable to conduct a review of the evidence for legal sufficiency. *See Phillips,* 130 S.W.3d at 354 n. 13 (noting that "when an offense has occurred numerous times, as here, appellate review can be hampered to such an extent that it is impossible").