Reversed and Remanded and Opinion filed August 15 2006








Reversed
and Remanded and Opinion filed August 15 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00798-CR

_______________

 

MARCUS STEPHEN FLECK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 953,666

                                                                                                                                               


 

O P I N I O N

Appellant,
Marcus Stephen Fleck, appeals his conviction for aggravated sexual assault of a
child.  In eight issues, appellant contends the trial court erred by refusing
to require the State to elect the act of sexual assault it would rely upon for
conviction, denying his motion to recuse, failing to submit a reasonable-doubt
instruction regarding extraneous offenses during the punishment phase,
admitting certain evidence during the punishment phase, and that the evidence
is legally and factually insufficient to support his conviction.  Because the
trial court erred by refusing to require the State to elect the act of sexual
assault it would rely upon for conviction, we reverse and remand. 








I. Background

Appellant
is the complainant=s biological father.  The complainant, thirteen years old at
the time of trial, testified regarding five acts the State characterized as
sexual assault in its opening and closing arguments.  Each act occurred when the
complainant was eleven years old.  With respect to the first act, the
complainant stated that she was playing Atickle monster@ on the stairs with appellant when he
took off her pants and began Asucking on [the complainant=s] vagina.@  The complainant=s description of the second act was
substantially the same as the first, but the second incident occurred at a
later, unspecified date.  The third act occurred in the complainant=s room, right after she exited the
shower.  Appellant entered the room, got down on his knees, and began to pull
her pants down.  The complainant told him Ano,@ and appellant called her a Abitch@ and left the room.  The fourth and
fifth acts described by the complainant were substantially the same as the
first two acts. However, the fourth act occurred in a hallway, and the fifth
act occurred on a couch while she was watching television with appellant.  In
addition, with respect to the fourth and fifth acts, the complainant could not
recall the events leading up to the sexual contact. 

After
the close of all evidence, appellant asked the trial court to require the State
to elect the act upon which it would rely for conviction.  The trial court
denied the request.  A jury found appellant guilty of aggravated sexual assault
of a child and assessed punishment at twenty-five years= imprisonment. 

 II.  Mandatory Election

Appellant=s sixth issue is dispositive;
therefore, we will consider only that issue.  In his sixth issue, appellant
contends that the trial court erred by refusing to order the State to elect
which act of sexual assault it would rely upon for conviction.  








If one
act of sexual assault is alleged in the indictment, but more than one act is
shown by the evidence at trial, Athe State must elect the act upon
which it would rely for conviction.@  See O=Neal v. State, 746 S.W.2d 769, 771 (Tex. Crim.
App. 1988).  After the state rests its case-in-chief, the trial court must
order the State to make an election upon timely request by the defendant.  Id.
at 772; Phillips v. State, 130 S.W.3d 343, 349 (Tex. App.CHouston [14th Dist.] 2004), aff=d 193 S.W.3d 904 (Tex. Crim. App. 2006). The election is
required to (1) protect the accused from the introduction of extraneous
evidence, (2) minimize the risk that the jury might convict, not because one
crime was proved beyond a reasonable doubt, but because the crimes together
convinced the jury of the defendant=s guilt, (3) ensure unanimous jury
verdicts, and (4) give the defendant notice of the particular offense the State
intends to rely upon for prosecution.  Phillips, 130 S.W.3d at 349
(citations omitted).

            Here,
appellant was indicted for a single act of sexual assaultCoral-genital contact occurring on or
about February 15, 2003.  However, more than one act of oral-genital contact
was shown by the evidence.  Appellant asked the court to order the State to
make an election after the close of  all evidence.  The request was timely Ainsofar as he was entitled to a
unanimous jury verdict.@ See Phillips v. State, 193 S.W.3d 904, 912 (Tex.
Crim. App. 2006).  Therefore, the trial court erred by failing to require the
State to elect.[1]  See id.  

III.  Harm Analysis








The
failure to require an election upon timely request is constitutional error.  Id.
at 914.  When error is constitutional, we must reverse unless we find beyond a
reasonable doubt that the error did not contribute to the conviction or had but
a slight effect.  Id.; see Tex.
R. App. P. 44.2(a).  

Here, it
is not clear which act the State intended to rely upon for conviction.  Cf.
O=Neal, 746 S.W.2d at 772B73 (finding harmless error because by
the close of the State=s case, the act upon which the State would rely for
conviction was clearly indicated).  The complainant detailed five separate acts
of alleged Asexual assault.@  The acts were distinguishable by time, place, and other
details, such as the clothing worn by the complainant and differences in
appellant=s position.  One act did not involve oral-genital contact.  Nonetheless,
the State lumped all five acts together under the label of Asexual assault@ and recounted each act in its
closing argument.  

The
State argues that the error did not contribute to the conviction because there Awas no difference in the credibility
of the testimony proving each instance of molestation,@ and appellant=s defenseCthat the complainant=s allegations were fabricatedCwas the same for all incidents.  See,
e.g., Martinez v. State, 190 S.W.3d 254, 259B62 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d) (finding no egregious harm when
the charge allowed conviction upon a disjunctive finding because the evidence
for both incidents was presented similarly and the defendant=s defense was the same as to both
offenses).   However, here, there was conflicting evidence concerning the acts,
and thus there were credibility issues for the jury to resolve regarding the
complainant=s testimony.

For
example, the complainant=s mother testified that the complainant first told her there
were five acts but subsequently told her there were seven.  She further
testified that she did not question the complainant extensively about the
details of each act, but the complainant told her the last act occurred in the
complainant=s room in February or March of 2003.  In contrast, according to the
complainant, the last act occurred on a couch while she was watching television
with appellant.  The act the complainant described as taking place in her room
involved no oral-genital contact. 








Further,
the pediatrician who examined the complainant testified that the complainant
told her there were Aabout three@ acts that all occurred in April of 2003.   The pediatrician
did not elicit further detail from the complainant about the location or time
frame of the acts.

Because
five acts were described in detail, and the evidence as to each act was
conflicting, some jurors could have relied upon one incident for conviction,
while others could have relied upon another.  See Farr v. State, 140
S.W.3d 895, 900B01 (Tex. App.CHouston [14th Dist.] 2004), aff=d sub nom. Phillips v. State, 193
S.W.3d 904 (Tex. Crim. App. 2006); Phillips, 130 S.W.3d at 353B54.  Therefore, we cannot conclude
beyond a reasonable doubt that the error did not contribute to the conviction. 
See Farr, 140 S.W.3d at 900B01; Phillips, 130 S.W.3d at
353B54.

Accordingly,
we sustain appellant=s sixth issue.[2]  We reverse
the judgment of the trial court and remand for a new trial.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
August 15, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

Publish C Tex.
R. App. P. 47.2(b).









[1]  Although the indictment designated a single date on
which the offense occurred, the jury was also instructed that Athe State is not bound by the specific date which the
offense, if any, is alleged in the indictment to have been committed . . .@  See Phillips, 193 S.W.3d at 912 (rejecting
the argument that a valid jury charge serves as a de facto election); Farr
v. State, 140 S.W.3d 895, 899B90
(Tex. App.CHouston [14th Dist.] 2004), aff=d sub nom. Phillips
v. State, 193 S.W.3d 904 (Tex. Crim. App. 2006) (because the charge also
instructed the jury that the State was not bound by the specific date alleged
in the indictment, Afor the purposes of determining appellant=s guilt or innocence . . .the jury charges did not limit
the jury=s consideration to appellant=s conduct on any specific date@).





[2]  Because we sustain appellant=s sixth issue, we do not reach appellant=s factual sufficiency claim, or appellant=s contentions that the trial court erred by denying
his motion to recuse, failing to submit a reasonable-doubt instruction
regarding extraneous offenses during the punishment phase, and admitting certain
evidence during the punishment phase.  Further, because the State did not elect
which incident it would rely upon for conviction, we are unable to conduct a
review of the evidence for legal sufficiency.  See Phillips, 130 S.W.3d
at 354 n.13 (noting that Awhen an offense has occurred numerous times, as here,
appellate review can be hampered to such an extent that it is impossible@).