IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1746-04






JOHN ANTHONY PALMER, Appellant



v.



THE STATE OF TEXAS
 




ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


BELL COUNTY





 Price, J., delivered the opinion of the Court in which Keller, P.J. and
Meyers, Johnson, Keasler, Hervey, Holcomb and Cochran, J.J., join. Womack,
J., dissents.


O P I N I O N 



 The appellant was convicted of aggravated sexual assault of a child. At trial, the State
introduced multiple occurrences of assault and the appellant requested an election at the close
of all the evidence, and during the charge conference. The trial court refused to require the
State to elect. The appellant appealed his conviction. The Third Court of Appeals found that
the trial court did not err in failing to require an election because the appellant did not timely
request it. We granted the appellant's petition for discretionary review and now, having
found error, we will remand the cause to the court of appeals for a constitutional-harm
analysis.

 The indictment against the appellant alleged that he had vaginal intercourse with the
complainant, his stepdaughter, on or about May 12, 1996, which happened to be Mother's
Day. The complainant testified that she distinctly remembered that day, and the State elicited
an abundance of testimony to identify this discrete occurrence. (1) More generally, the
complainant testified that the appellant began sexually assaulting her when she was four
years old, and that he had forced her to have oral, vaginal, and anal intercourse on a regular
basis until her mother and the appellant were divorced in 2000. At the charge conference,
after the close of all evidence, the appellant requested an election, but his request was denied.

 On appeal, the appellant's conviction was affirmed. The court of appeals, citing its
own decision in Gutierrez v. State, (2) held in an unpublished opinion that, although the
appellant would have been entitled to an election on the facts presented, his motion was
untimely because he did not request the election until the charging conference, after the close
of all the evidence. (3) The court of appeals reasoned that, at that point in the trial, an election
by the State would not have assisted the appellant in the presentation of a defense. (4) 

 The appellant petitioned this court for discretionary review, raising the argument that 
the decision of the Third Court of Appeals conflicts with the decision of the Fourteenth Court
of Appeals in Farr v. State. (5) Having already granted review in Farr of the same issue raised
by the appellant, and having consolidated Farr for review with Phillips v. State, (6) we granted
the appellant's petition in this case, holding our review for the disposition of Phillips and
Farr. (7) Now that mandate has issued in our consolidated disposition of Phillips and Farr, (8)
we turn to the merits of the appellant's claim.

 In Phillips and Farr, we held that error results when the trial court fails to require
election by the State upon the timely motion of the defendant, even when the request does
not come until the close of all the evidence. (9) The purpose of an election is more than to aid
the defendant in preparing a valid defense. Election also ensures a unanimous jury verdict. (10) 
Thus, error results in denying a requested election, even when a defendant does not make his
request until the charging conference. The court of appeals should have held that the trial
court erred and proceeded to conduct a constitutional-harm analysis. (11)

 Having found error, we reverse the judgment of the court of appeals and remand the
cause to that court for a constitutional harm analysis.


Delivered: October 4, 2006

Do Not Publish.
1. Specifically, the complainant testified that she was living in Killeen with the appellant, her
mother, and her siblings. The appellant had intercourse with her in her bedroom while her mother
was away. When her mother returned, the complainant and the appellant were still naked in her
bedroom. The appellant told the complainant to hide in the closet, and he told the mother that he and
the complainant were wrapping her Mother's Day present. The complainant's mother testified that
she also recalled this incident, but did not know at the time what had really occurred in the bedroom.
2. 8 S.W.3d 739, 748 (Tex. App.--Austin 1999, no pet.).
3. Palmer v. State, No. 03-03-00673-CR, 2004 Tex. App. LEXIS 8893 (Tex. App.--Austin
2004).
4. Ibid.
5. 140 S.W.3d 895 (Tex. App.--Houston [14
th Dist.] 2004), aff'd, 193 S.W.3d 904 (Tex. Crim.
App. 2006).
6. Phillips v. State, 130 S.W.3d 343 (Tex. App.--Houston [14th Dist.] 2004), aff'd, 193 S.W.3d
904 (Tex. Crim. App. 2006).
7. 

 193 S.W.3d 904 (Tex. Crim. App. 2006).
8. Mandate issued July 7, 2006.
9. 193 S.W.3d at 912.
10. Ibid.
11. Id. at 913-14.