Affirmed and Memorandum Opinion filed August 28, 2008








Affirmed and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00473-CR

____________

 

CHARLES RICHARD BERNARD, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 49,012

 



 

M E M O R A N D U M   O P I N I O N

Appellant Charles Richard Bernard appeals his conviction on
five counts of aggravated sexual assault of a child.  In a single issue,
appellant claims he received ineffective assistance of counsel.  We affirm.

I.  Background








Appellant was indicted on five counts of aggravated assault
of a child.  The first two counts alleged that on or about February 1, 2005,
appellant intentionally or knowingly caused his sexual organ to contact both
the sexual organ and anus of A.B., appellant=s step-daughter, a
child under the age of fourteen.  Counts three and four alleged that on or
about February 1, 2005, appellant intentionally or knowingly caused his sexual
organ to contact both the sexual organ and anus of E.B., appellant=s step-daughter, a
child under the age of fourteen.  Count five alleged that on or about February
1, 2005, appellant intentionally or knowingly caused his sexual organ to
contact the anus of J.H., appellant=s son, a child
under the age of fourteen.  

At trial, all three children testified to multiple
instances of sexual abuse by appellant, consisting of genital penetration, anal
penetration, and oral sex.  A.B. testified that appellant touched her genitals
with his finger and his genitals, touched his genitals to her bottom, and that
he did this Aa lot.@  He also put her mouth on his private
parts on more than one occasion.  The sexual assaults on A.B. occurred in the
living room of the family=s trailer home.  E.B. testified that on
multiple occasions, appellant touched his genitals to her genitals and her
bottom.  He also had her place his genitals in her mouth.  J.H. testified that
on more than one occasion, appellant touched his mouth, his hand, and his
bottom to J.H.=s genitals and his genitals to J.H.=s bottom. 
Appellant also made J.H. put his mouth on appellant=s genitals.  The
sexual assaults on E.B. and J.H. occurred in both the living room of the family=s trailer and in a
nearby abandoned trailer.  E.B. and J.H. also testified that on more than one
occasion, appellant instructed J.H. to have sex with his sisters.  Appellant
would show J.H. how to do it with one sister, and then at appellant=s command,
appellant and J.H. would switch sisters. 

A jury found appellant guilty on all five counts, and the
trial court assessed punishment at fifty years in prison.  Appellant filed a
motion for new trial, alleging that he received ineffective assistance of
counsel.  After a hearing on the motion in which appellant=s trial counsel
testified, the trial court denied the motion.  In his sole issue on appeal,
appellant claims he received ineffective assistance because counsel failed to
(1) conduct an adequate pretrial investigation, (2) have a sound trial
strategy, (3) file a Rule 404(b) pretrial motion, and (4) request that the
State make an election. 








II.  Standard of Review

Ineffective assistance of counsel claims are governed by
the two‑pronged test announced in Strickland v. Washington, 466
U.S. 668 (1984).  To prove ineffective assistance, appellant must show by a
preponderance of the evidence (1) that counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 687B96; Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005).  A Strickland claim must be firmly
founded in the record, and the record must affirmatively demonstrate the
meritorious nature of the claim.  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005).  Where counsel=s reasons for
failing to do something do not appear in the record, we review counsel=s conduct with
great deference and without the distorting effects of hindsight.  Id.  Absent
an opportunity for a trial attorney to explain his actions, an appellate court
should not find deficient performance unless the challenged conduct was so
outrageous that no competent attorney would have engaged in it.  Id.  We
review a trial court=s denial of a motion for new trial
alleging ineffective assistance of counsel under an abuse of discretion
standard.  See Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App.
2004). 

III.  Analysis

Pretrial
Investigation








Appellant first claims counsel was ineffective for failing
to conduct an adequate pretrial investigation.  A criminal defense lawyer has
the responsibility to conduct a legal and factual investigation and to seek out
and interview potential witnesses.  Ex parte Welborn, 785 S.W.2d 391,
393 (Tex. Crim. App. 1990).  An appellant who complains about trial counsel=s failure to call
witnesses must show the witnesses were available and that he would have
benefitted from their testimony.  See King v. State, 649 S.W.2d 42, 44
(Tex. Crim. App. 1983); Melancon v. State, 66 S.W.3d 375, 381 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  








Appellant alleges that despite the availability of a court
appointed investigator, counsel did not ask the investigator to interview
witnesses.  However, at the hearing on the motion for new trial, counsel
testified that he had contacted the investigator and asked her to interview
witnesses and that she had done so.  Appellant also claims that counsel failed
to locate and interview the complaining witnesses, A.B., E.B., and J.H., and
their mother, as well as a doctor who allegedly examined the children two or
three weeks after their outcry and found no evidence of sexual abuse.  The
record does not support appellant=s assertions. 
Counsel testified that it was not possible to locate and interview the children
and their mother before trial because the only contact information counsel had
was a phone number in Arizona[1]
and all but the last subpoena the State attempted to serve on the mother and
children were returned unserved.[2] 
In addition, the children=s mother did not testify at trial, and the
record is silent as to how her potential testimony would have benefitted
appellant.  Finally, counsel testified that he learned about the doctor
secondhand from appellant=s mother and sister and that he had
attempted to contact the doctor but was unsuccessful.   Contrary to appellant=s assertions, the
record demonstrates that counsel utilized the investigator and made objectively
reasonable attempts to locate and interview witnesses.  See Ex parte
McFarland, 163 S.W.3d 743, 754B55 (Tex. Crim.
App. 2005) (concluding counsel was not ineffective despite failed attempts to
locate potential witnesses).  Accordingly, the trial court did not abuse its
discretion in finding that appellant=s failure to
locate and interview the children, their mother, or the doctor did not
constitute deficient performance.

Trial
Strategy

Appellant next claims that counsel failed to formulate a
reasonable trial strategy.  He claims that counsel=s strategy
primarily centered on the victims being unavailable to testify.  In support of
this assertion, appellant submitted an affidavit from the investigator in which
the investigator claimed counsel told her that the case would Abe a walk in the
park because the mama and kids were somewhere in Arizona and they didn=t have the money
to come back for trial,@ and that Athis is a walk. 
No one is going to show up and I am going to ask for a directed verdict.@  Appellant
further claims counsel erroneously believed the State could not prove its case
because it did not prove an exact date on which the alleged assaults occurred. 








Contrary to appellant=s assertions and
the investigator=s affidavit, the record does not show that
counsel=s strategy
consisted merely of relying on the victims not testifying or the State=s failure to prove
a date certain.  Counsel testified that his trial strategy consisted of (1)
ensuring that videotaped interviews of the children were not admitted because
that would violate appellant=s confrontation rights, (2) showing that
appellant was never alone with the children, (3) attacking the State=s medical and DNA
evidence, (4) pointing out inconsistencies in J.H.=s testimony, (5)
ensuring appellant did not testify, and (6) presenting character witnesses. 
Appellant=s mother and sister testified to appellant=s good behavior
and that appellant was never alone with the children.  Appellant=s mother testified
that the children had never complained to her about any abuse.  Counsel
attacked J.H.=s credibility by establishing that J.H. gave
conflicting statements regarding the allegations of abuse.  He also
successfully challenged the State=s DNA evidence and
kept out evidence of a penis pump and photos of the abandoned trailer.  The
record reflects that counsel competently carried out a valid trial strategy.  See
Strickland, 466 U.S. at 689 (stating counsel=s competence is
not to be judged by hindsight); Johnson v. State, 176 S.W.3d 74, 79
(Tex. App.CHouston [1st Dist.] 2004, pet. ref=d) (concluding
that just because a trial strategy did not work does not mean counsel was
ineffective).  We find that the trial court did not abuse its discretion in
concluding counsel formulated a reasonable trial strategy.

Extraneous
Offense Evidence

Appellant next complains about counsel=s failure to make
a Rule 404(b) request.  Texas Rule of Evidence 404(b) allows admission of
evidence of other crimes, wrongs, or acts for purposes other than proving
character, provided that upon timely request by the defendant, reasonable
notice is given in advance of trial of the State=s intent to
introduce such evidence.  The purpose of the notice requirement is to prevent
surprise to the defendant by apprising him of the extraneous offenses about
which the State intends to introduce evidence at trial.  Hayden v. State,
66 S.W.3d 269, 272 (Tex. Crim. App. 2001).  

The record reflects that another attorney handled the case
prior to appellant=s trial attorney representing appellant
and that the first attorney did file a Rule 404(b) motion.  At the hearing,
counsel testified that he relied on the pretrial motions filed by his
predecessor.  Moreover, because the State filed a Rule 404(b) notice several
weeks before trial, giving appellant notice of the specific extraneous offenses
the State intended to introduce, appellant cannot show prejudice.  See Smith
v. State, No. 01‑05‑01095‑CR, 2007 WL 79475, at *7 (Tex.
App.CHouston [1st
Dist.] Jan. 11, 2007, pet. ref=d) (mem. op., not designated for
publication) (holding failure to file Rule 404(b) motion when State gave
pretrial notice was not ineffective assistance). 








Appellant also complains counsel was ineffective for
failing to object to testimony from each child, request an instruction, and
move for a mistrial when each child testified to multiple instances of sexual
abuse.  However, this testimony was admissible under article 38.37 of the Texas
Code of Criminal Procedure to show the state of mind of the defendant and the
child and to show the previous relationship between the defendant and child.  See
Tex. Code Crim. Proc. Ann. art.
38.37 (Vernon Supp. 2007); Hinojosa v. State, 995 S.W.2d 955, 957 (Tex.
App.CHouston [14th
Dist.] 1999, no pet.).  The failure to object to admissible evidence will not
support a claim for ineffective assistance.  McFarland v. State, 845
S.W.2d 824, 846 (Tex. Crim. App. 1992).  The trial court did not err in denying
the motion for new trial on these grounds.

Election

Finally, appellant argues that counsel was ineffective for
failing to require the State to elect the specific offense upon which it relied
for conviction and for failing to object to the jury charge.[3] 
The general rule is that where an indictment alleges one instance of sexual
assault and the trial evidence shows more than one instance, the State must
elect the offense upon which it relies for conviction.  O=Neal v. State, 746 S.W.2d 769,
771 (Tex. Crim. App. 1988).  Upon timely request by the defense, the trial
court must order the State to make an election, and failure to do so
constitutes error.  Id. at 772.  Here, the State introduced testimonial
evidence of multiple sexual assaults occurring in both the living room and in
the abandoned trailer, and counsel did not request an election at the close of
the evidence.  Appellant claims counsel=s failure to
request that the State make an election prejudiced him because it may have
resulted in a non-unanimous jury verdict: some jurors could have convicted
based on offenses occurring in the living room while other jurors could have
convicted based on offenses occurring in the abandoned trailer.  See
Phillips v. State, 193 S.W.3d 904, 909B10 (Tex. Crim.
App. 2006).








Counsel was not questioned regarding his failure to request
an election and object to the jury charge.  When the record is silent regarding
counsel=s reasons for his
conduct, we will defer to counsel=s decisions if
there is at least the possibility that the conduct could have been legitimate
trial strategy.  See Ortiz v. State, 93 S.W.3d 79, 88B89 (Tex. Crim.
App. 2002).  It is possible counsel decided not to request an election because
without the election, the remaining offenses of sexual assault testified to by
the children are jeopardy-barred.  See Ex parte Goodbread, 967 S.W.2d
859, 860B61 (Tex. Crim.
App. 1998).  Where the record is silent and counsel=s decision could
have been a strategic choice, we cannot presume the failure to request an
election or a jury instruction was unreasonable.  See Tomlinson v. State,
No. 14‑04‑01126‑CR, 2006 WL 1140718, at *4 (Tex. App.CHouston [14th
Dist.] Apr. 27, 2006, pet. ref=d) (mem. op., not designated for
publication) (concluding failure to request election could have been strategic
based on double jeopardy bar).  

Appellant has not shown that his trial counsel performed
deficiently, nor has he shown a reasonable probability that but for counsel=s alleged
deficiencies, the outcome of the proceeding would have been different. 
Accordingly, we conclude the trial court did not abuse its discretion in
denying appellant=s motion for new trial.  We overrule
appellant=s sole issue.

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 28, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant claims the clerk=s record contradicts this statement because a witness
list filed by the State on March 23, 2007 indicates that the State may have
known the Arizona address at that time.  However, the witness list to which
appellant refers simply states ASee Prosecutor@ next to the children=s and mother=s names.  Appellant is therefore speculating about
what the State possibly knew.   Strickland claims must be firmly founded
in the record, Goodspeed, 187 S.W.3d at 392, and there is no other evidence in the record that the
State knew the children=s address or that counsel could have obtained that
information by further effort. 





[2]  Appellant argues that counsel=s testimony is contradicted by the record because the
appellate record does not contain any unserved subpoenas.  Counsel=s testimony that he repeatedly
checked the subpoenas in the trial court=s record is sufficient; there is no requirement that
counsel produce additional evidence supporting his testimony.  See Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995) (stating that at hearing on motion for new trial, trial judge
is sole judge of witness credibility).





[3]  In his brief to this court, appellant does not
specify the jury charge objection he alleges counsel should have made. 
Presumably appellant is contending counsel should have objected on grounds that the charge did not
mention an election.